# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| FTX RECOVERY TRUST, | |
| Plaintiff, | |
| - against - | |
| HUOBI GLOBAL LTD., HTX LTD., ABOUT CAPITAL MANAGEMENT (HK) CO., LTD., DIGITAL LEGEND HODLINGS LTD., ORANGE ANTHEM LTD., and POLO DIGITAL ASSETS, LTD., | Adv. Pro. No. 24-50219 (KBO) |
| Defendants. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS

## <u>TABLE OF CONTENTS</u>

*Page*

PRELIMINARY STATEMENT ...............................................................................................1

RELEVANT BACKGROUND .................................................................................................2

LEGAL STANDARD..............................................................................................................5

ARGUMENT..........................................................................................................................6

      I.     Staying Discovery Will Not Simplify the Issues for Trial......................................6

      II.    The Status of This Action and the Chapter 11 Cases Weighs Against Staying Discovery ............................................................................................................7

      III.   A Discovery Stay Would Unduly Prejudice Plaintiff While Rewarding Defendants' Gamesmanship ................................................................................10

CONCLUSION.....................................................................................................................11

## TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Abbott Diabetes Care, Inc.* v. *DexCom, Inc.*,
    2007 WL 2892707 (D. Del. Sept. 30, 2007) ..........................................................................9

*Alameda Rsch. Ltd.* v. *Kives*,
    2024 WL 717771 (Bankr. D. Del. Feb. 21, 2024) ...................................................................4

*Alameda Rsch. Ltd.* v. *Platform Life Scis. Inc.*,
    2023 Bankr. LEXIS 2989 (Bankr. D. Del. Dec. 20, 2023) .....................................................7

*Barker* v. *Kane*,
    149 F. Supp. 3d 521 (M.D. Pa. 2016) ......................................................................................4

*Bridgestone Ams., Inc.* v. *Int'l Bus. Machs. Corp.*,
    2016 WL 11786196 (M.D. Tenn. July 6, 2016) ....................................................................11

*Celotex Corp.* v. *Edwards*,
    514 U.S. 300 (1995).................................................................................................................10

*Cipla USA, Inc.* v. *Ipsen Biopharmaceuticals, Inc.*,
    2022 WL 3139096 (D. Del. Aug. 5, 2022) ....................................................................5, 6, 9

*Cooper Notification, Inc.* v. *Twitter, Inc.*,
    2010 WL 5149351 (D. Del. Dec. 13, 2010)..............................................................................8

*Costantino* v. *City of Atlantic City*,
    2015 WL 668161 (D.N.J. Feb. 17, 2015) ...............................................................................10

*First Am. Title Ins. Co.* v. *MacLaren, L.L.C.*,
    2012 WL 769601 (D. Del. Mar. 9, 2012) ................................................................................7

*Galarza* v. *Whittle-Kinard*,
    2017 WL 2198182 (D.N.J. May 18, 2017) ..............................................................................5

*ImageVision.net, Inc.* v. *Internet Payment Exch., Inc.*,
    2013 WL 1743854 (D. Del. Apr. 22, 2013)..............................................................................7

*ImageVision.Net, Inc.* v. *Internet Payment Exch., Inc.*,
    2013 WL 663535 (D. Del. Feb. 25, 2013) ................................................................................8

*Kaavo Inc.* v. *Cognizant Tech. Sols. Corp.*,
    2015 WL 1737476 (D. Del. Apr. 9, 2015)....................................................................5, 6, 11

*Landis* v. *N. Am. Co.*,
 299 U.S. 248 (1936)...................................................................................................4

*Petro* v. *FCA US LLC*,
 2023 WL 6510741 (D. Del. July 31, 2023) ...................................................5, 6, 7

*Renner* v. *Lanard Toys Ltd.*,
 33 F.3d 277 (3d Cir. 1994)........................................................................................7

*Rogers* v. *Experian Info. Sols., Inc.*,
 2024 WL 894857 (D. Del. Mar. 1, 2024) ...........................................................5, 9

*Sandvik AB* v. *Advent Int'l Corp.*,
 83 F. Supp. 2d 442, 447 (D. Del. 1999).................................................................7

*SoftView LLC* v. *Apple Inc.*,
 2012 WL 3061027 (D. Del. July 26, 2012) ........................................................8, 9

*Standard Chlorine of Del., Inc.* v. *Sinibaldi*,
 821 F. Supp. 232 (D. Del. 1992)............................................................................11

*Taylor* v. *Winnecour*,
 2013 WL 136499 (W.D. Pa. Jan. 10, 2013), *aff'd sub nom. In re Taylor*, 519
 F. App'x 108 (3d Cir. 2013) ................................................................................7, 9

*Udeen* v. *Subaru of Am., Inc.*,
 378 F. Supp. 3d 330 (D.N.J. 2019) .........................................................................8

*Univar, Inc.* v. *Geisenberger*,
 409 F. Supp. 3d 273 (D. Del. 2019).........................................................................4

*Wilson* v. *Lohman*,
 2007 WL 2050256 (D. Del. July 17, 2007) ............................................................6

**Other Authorities**

Fed. R. Bankr. P. 1001 .................................................................................................10

Plaintiff FTX Recovery Trust[1] ("Plaintiff") respectfully submits this opposition ("Opposition") to the Motions to Stay Discovery Pending Resolution of their Motions to Dismiss [Adv. D.I. 29 & 33] (the "Digital Legend Mot." and the "About Capital Mot." respectively, and together the "Motions") filed by Defendants Digital Legend Hodlings Ltd. ("Digital Legend"), About Capital Management (HK) Co., Ltd. ("About Capital") and Orange Anthem Ltd. ("Orange Anthem," together with Digital Legend and About Capital, "Defendants" and, together with Plaintiff, the "Parties") on April 21, 2025, in the above-captioned adversary proceeding (the "Adversary Proceeding"). In support of this Opposition, Plaintiff respectfully states as follows:

## PRELIMINARY STATEMENT

As detailed in the Complaint [Adv. D.I. 1] (the "Complaint" or "Compl."),[2] Defendants own, operate or are affiliated with the Huobi cryptocurrency exchange (the "Huobi Exchange"), the Poloniex cryptocurrency exchange (the "Poloniex Exchange") and individual Sun "Justin" Yuchen ("Justin Sun"). (Compl. ¶¶ 21-22, 24, 26.) Debtor Alameda Research Ltd. ("Alameda") maintained an account on the Huobi Exchange with an account number ending in -8170 (the "Alameda Huobi Account") and another account on Poloniex (the "Alameda Poloniex Account," and together with the Alameda Huobi Account, the "Alameda Accounts"). (Compl. ¶ 6.) As of the Petition Date, the Alameda Accounts collectively held assets then-valued at approximately $27.5 million. (Compl. ¶ 7.) Immediately after the Debtors commenced their Chapter 11 Cases, the Huobi Exchange and the Poloniex Exchange locked the Alameda Accounts, rendering Plaintiff unable to recover its assets. (Compl. ¶ 7.) Despite repeated outreach from

---

[1] Pursuant to the *Order Granting the FTX Recovery Trust's Omnibus Motion to Substitute Plaintiffs in Adversary Proceedings* [D.I. 29554], the FTX Recovery Trust is now the proper Plaintiff and has substituted in for Debtors FTX Trading Ltd. and Alameda Research Ltd. that initially filed this action.

[2] Capitalized terms not defined herein shall have the same meaning attributed to them in the Complaint.

Plaintiff, a former Alameda employee in whose name the Alameda Huobi Account is nominally held, and the United States Attorney's Office for the Southern District of New York, Defendants have refused to cooperate with Plaintiff's requests and continue wrongfully to withhold Plaintiff's property.  (Compl. ¶¶ 36, 40.)  As a result, Plaintiff has been forced to initiate and prosecute this Adversary Proceeding.

Defendants' Motions to Stay are without merit.  All factors that federal courts in this District consider in deciding motions to stay discovery weigh squarely in Plaintiff's favor.

*First*, Defendants have not demonstrated that a stay is likely to simplify the issues for trial—instead the Motions present complex, fact-intensive issues that themselves will require jurisdictional discovery.  *Second*, the status of this Adversary Proceeding and the underlying bankruptcy litigation here clearly weigh against granting a stay.  Plaintiff has expended substantial time and resources bringing this action.  Although Defendants makes much of the fact that Plaintiff filed this Adversary Proceeding on the eve of the two-year anniversary of the Petition Date, that fact cuts *against*, not in *favor* of, staying proceedings.  Plaintiff diligently investigated the claims in this Adversary Proceeding, and has repeatedly attempted to negotiate a consensual resolution with Defendants in order to recover money for Plaintiff's creditors.  Defendants should not be permitted to delay further recovery on behalf of creditors .  *Third*, a stay of discovery would unduly prejudice Plaintiff, and reward Defendants for their delay and evasion tactics, which have already hampered Plaintiff's recovery efforts.

## RELEVANT BACKGROUND

Prior to the Petition Date, Alameda engaged in cryptocurrency trading and other activities.  As part of those trading operations, Alameda opened accounts on various cryptocurrency exchanges in the names of its employees or in the names of shell companies to obscure the fact that Alameda was operating the accounts on these exchanges.  (Compl. ¶ 29.)  As

relevant to these Motions, one such account Alameda opened was the Alameda Huobi Account in the name of a former Alameda employee.  As of the Petition Date, the Alameda Huobi Account held assets then-valued at approximately $22 million.  (Compl. ¶ 30.)

In April 2022, an account on the FTX.com exchange was opened nominally in the name of Orange Anthem.  (Compl. ¶ 10.)[3]  KYC documents submitted in connection with the account opening reflect that Orange Anthem is wholly owned by Justin Sun and was funded from the Poloniex Exchange controlled by Sun.  (Compl. ¶¶ 10, 26, 67.)  As alleged in the Complaint, Justin Sun also exercises control over Defendants About Capital and Digital Legend, which form part of his "unified, integrated enterprise."  (Compl. ¶¶ 21-22, 24.)  Defendants About Capital and Digital Legend acquired the Huobi Exchange and other related entities (together with Huobi Exchange, "Huobi") in September 2022, through which the Huobi Exchange was operated. (Compl. ¶¶ 21–22, 24.)

After the Debtors filed for bankruptcy in November 2022, the now-CEO of the Debtors sent Huobi affiliate Huobi Tech. Holdings, Ltd. ("Huobi Tech") a letter requesting that the assets in the Alameda Huobi Account be secured and seeking to coordinate the transfer of the assets in the Alameda Huobi Account to the Debtors.  (Compl. ¶ 31.)  After repeated follow-ups, the Debtors had a telephone call with a member of Huobi Tech's legal team, on which the legal team member noted that Huobi had an FTX.com account with a significant Petition Date balance and asked whether FTX.com would be promptly transferring those funds to Huobi.  (Compl. ¶ 31.)

---

[3]   In an effort to minimize estate resources expended on responding to these Motions, Plaintiff incorporates the facts in the Complaint by reference and provides only a brief summary here for the Court's convenience.  Capitalized terms not defined herein shall have the same meaning attributed to them in the Complaint.

Once the Debtors explained the process of the Chapter 11 Cases being overseen by this Court, the Huobi Tech legal team declined to engage further. (Compl. ¶ 31.)

After further outreach from the Debtors, outside counsel for Huobi requested several sets of documentation between December 2022 and May 2023. (Compl. ¶¶ 32-34.) The Debtors complied with the requests, however, Defendants still refused to cooperate. Instead, over eight months after the Debtors' initial letter, Huobi's outside counsel informed the Debtors that he no longer represented Huobi, and directed the Debtors to communicate directly with Huobi. (Compl. ¶ 35.) After another month of repeated attempts to contact Huobi, the Debtors learned for the first time from Huobi that it was unable to move any assets in the Alameda Huobi Account due to a purported investigation by the Chinese government. (Compl. ¶ 35.) Defendants have refused to engage further and, to date, continue wrongly to withhold Plaintiff's assets on the Huobi Exchange. (Compl. ¶ 35.)

After the Debtors filed for bankruptcy in November 2022, the now-CEO of the Debtors likewise sent a letter to the Poloniex Exchange requesting that the assets in the Alameda Poloniex Account be secured, and seeking to coordinate the transfer of the assets in the Alameda Poloniex Account to the Debtors. (Compl. ¶ 38.) The Poloniex Exchange refused to cooperate unless the Debtors could obtain an official court order. (Compl. ¶ 38.) After four months of additional outreach and negotiations, the Poloniex Exchange, like the Huobi Exchange, demanded additional documentation, which the Debtors dutifully provided. (Compl. ¶ 40.) Afterwards, Poloniex stopped responding to the Debtors and refused to cooperate. (Compl. ¶ 40.)

Despite their refusal, in the Chapter 11 cases, Orange Anthem filed a customer proof of claim number 57284 for the balance of assets held in its FTX.com account (totaling approximately $12 million).

Plaintiff commenced this Adversary Proceeding on November 9, 2024, seeking, *inter alia*, (i) the turnover of assets deposited by Plaintiff onto the Huobi Exchange and Poloniex Exchange, which are owned and operated by, or associated with Defendants; (ii) damages for Defendants' flagrant violations of the automatic stay; and (iii) disallowance of Claim No. 57284 filed by Orange Anthem.  (Compl. ¶¶ 73-78.)

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Alameda Rsch. Ltd.* v. *Kives*, 2024 WL 717771, at *1 (Bankr. D. Del. Feb. 21, 2024) (quoting *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)).  That said, "[a] stay is an extraordinary measure," *Univar, Inc.* v. *Geisenberger*, 409 F. Supp. 3d 273, 284 (D. Del. 2019) (quoting *Barker* v. *Kane*, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016)), and courts generally do not favor granting motions to stay.  *Galarza* v. *Whittle-Kinard*, 2017 WL 2198182, at *1 (D.N.J. May 18, 2017).

Federal courts in Delaware weigh three factors in deciding motions to stay discovery:  "(1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage."  *Cipla USA, Inc.* v. *Ipsen Biopharmaceuticals, Inc.*, 2022 WL 3139096, at *1 (D. Del. Aug. 5, 2022); *Petro* v. *FCA US LLC*, 2023 WL 6510741, at *1 (D. Del. July 31, 2023) (applying three factors to motion to stay discovery).  "The movant bears the burden to show that the circumstances support an exercise of the court's discretion to stay."  *Cipla USA, Inc.*, 2022 WL 3139096, at *1.  Courts "do[] not 'evaluate the legal merits of the proceeding or inquiry that the movant seeks a stay in favor of.'"  *Petro*, 2023 WL 6510741, at *1 (quoting *Kaavo Inc.* v.

*Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *2 n.4 (D. Del. Apr. 9, 2015)); *see also Rogers* v. *Experian Info. Sols., Inc.*, 2024 WL 894857, at *1 (D. Del. Mar. 1, 2024) (noting that court could not "evaluate the legal merits" of pending motion to compel arbitration when evaluating stay motion).

## ARGUMENT

### I.       Staying Discovery Will Not Simplify the Issues for Trial.

Defendants fail to show that a stay "will simplify the issues for trial." *Rogers*, 2024 WL 894857, at *1.  When evaluating this factor, "courts assess *all possible* outcomes, not just the potential outcome most favorable to the party seeking the stay." *Id.* (emphasis added) (citing *Kaavo*, 2015 WL 1737476, at *2).  Defendants' Motions do precisely the opposite, focusing *only* on the outcome most favorable to Defendants.  (Digital Legend Mot. at 7, About Capital Mot. at 4.)

Importantly, courts in this district do not "predict the likely outcome of the motion[] to dismiss" in deciding a motion to stay discovery.[4]  *Kaavo*, 2015 WL 1737476, at *2 n.4; *see also Cipla USA, Inc.*, 2022 WL 3139096, at *2 ("Consideration of the first factor on a motion to stay should not entail an evaluation of the legal merits of the motion to dismiss."); *Petro*, 2023 WL 6510741, at *1 (declining to evaluate underlying motion to dismiss when considering defendant's motion to stay discovery).  Moreover, in this Chapter 11 proceeding, this Court has declined to

---

[4]    Defendants' assertion that their motion to dismiss will satisfy the issue-simplification factor so long as that motion "does not appear to be without foundation in law" (About Capital Mot. at 5; Digital Legend Mot. at 5), similarly misstates the law.  The District of Delaware has consistently declined to examine the merits of the underlying motion for which the movant seeks a discovery stay pending its resolution.  *See, e.g.*, *Wilson* v. *Lohman*, 2007 WL 2050256, at *2 (D. Del. July 17, 2007) (granting a motion to stay discovery but without looking to the legal merits of the defendants' motion to dismiss and for summary judgment).  It is therefore unsurprising that Defendants fail to identify a single instance in which this Court or the District of Delaware has applied the "without foundation in law" standard to a motion to stay discovery.

consider the merits of an underlying motion which has not yet been fully briefed when considering

a motion to stay discovery.  [D.I. 4019 at 96:6-10.]  Even if this Court were inclined to consider

the merits of Defendants' Motions to Dismiss (which it should not), it is not at all clear that

Defendants will prevail on their arguments, either as to personal jurisdiction or on the merits, given

the opaque nature in which Defendants operated their businesses under common ownership and

control as an integrated enterprise.  Compl. ¶¶ 20-21, 24, 28.  The interconnected nature of

Defendants is at the very center of this Adversary Proceeding, including whether this Court may

exercise personal jurisdiction over those Defendants that have not filed a claim in these Chapter

11 Cases.  Courts within the Third Circuit approve of deferring motions to dismiss to allow

additional time for Plaintiff to conduct discovery on that point.  *See, e.g.*, *Renner* v. *Lanard Toys

Ltd.*, 33 F.3d 277, 283 (3d Cir. 1994) ("Numerous cases have sustained the right of plaintiffs to

conduct discovery before the [] court dismisses for lack of personal jurisdiction."); *Sandvik AB* v.

*Advent Int'l Corp.*, 83 F. Supp. 2d 442, 447 (D. Del. 1999).[5]

## II.    The Status of This Action and the Chapter 11 Cases Weighs Against Staying Discovery.

The second factor courts consider in deciding motions to stay, the status of the

litigation, further weighs against a stay of discovery.  In the bankruptcy context, the

status-of-litigation factor should take into account both the status of the adversary proceeding and

the status of the broader bankruptcy proceeding.  *Taylor* v. *Winnecour*, 2013 WL 136499, at *2

(W.D. Pa. Jan. 10, 2013), *aff'd sub nom. In re Taylor*, 519 F. App'x 108 (3d Cir. 2013) ("[T]his

---

[5]    Digital Legend's contention that Plaintiff needs to "make allegations sufficient to plead" that Defendants are subject to personal jurisdiction simply misstates the law.  (*See* Digital Legend Mot. at 6).  As this Court has held in another adversary proceeding, "Rule 8 does not require a plaintiff to set forth *in the complaint* the grounds upon which the court has personal jurisdiction."  *Alameda Rsch. Ltd.* v. *Platform Life Scis. Inc.*, 2023 Bankr., 2023 WL 8814216, at *1 (Bankr. D. Del. Dec. 20, 2023) (emphasis added).

case (including the underlying bankruptcy proceeding) is already protracted.  At this stage in the litigation, the parties deserve prompt final resolution.").

That the litigation in this Adversary Proceeding is in its early stages does not tilt in favor of Defendants.  *See ImageVision.net, Inc.* v. *Internet Payment Exch., Inc.*, 2013 WL 1743854, at *5 (D. Del. Apr. 22, 2013) ("While the formulaic language generally recited by judges in this district is 'whether discovery is complete and whether a trial date has been set,' . . . the rationale underlying this 'stage of the litigation' factor does not demand such an inflexible approach.") (quoting *First Am. Title Ins. Co.* v. *MacLaren, L.L.C.*,  2012 WL 769601, at *4 (D. Del. Mar. 9, 2012)); *Petro*, 2023 WL 6510741, at *1 (denying motion to stay discovery where, although document production was not close to completion and no trial date had been set, court found "this case is [not] at a convenient stopping point").  Courts often deny stays of discovery even when cases are at their early stage.  *See, e.g., Udeen* v. *Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019) ("The fact that the case is at an early stage and no trial date has been set is not a persuasive relevant factor to the Court's decision."); *Cooper Notification, Inc.* v. *Twitter, Inc.*, 2010 WL 5149351, at *3 (D. Del. Dec. 13, 2010) (denying stay where parties had 11 months remaining for discovery and 20 months until trial); *SoftView LLC* v. *Apple Inc.*, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) (denying stay where the court "ha[d] not set a trial date, the parties ha[d] taken only limited discovery, and the claim construction process ha[d] not yet begun").

As noted above, this action is the culmination of nearly two years of repeated attempts to resolve the matter with Defendants without court intervention.  Plaintiff has invested significant time and resources since shortly after these Chapter 11 cases were filed in attempting to recover its assets in the Alameda Huobi Account.  Moreover, the Parties negotiated and jointly submitted the Case Management Order to this Court, which this Court entered on April 7, 2025

[Adv. D.I. 21].  Plaintiff has invested considerable time in preparing for this litigation.  Discovery materials are to be exchanged beginning May 30, 2025.  Plaintiff has been actively engaged in reviewing documents and identifying discoverable information and material, drafting initial disclosures, interrogatories, and document requests, and gathering its own documents to prepare for production.  Given the efforts the Parties have already expended in this Adversary Proceeding, there is no reason to delay its progress pending resolution of the Motions to Dismiss [Adv. D.I. 28, 30], which will not be fully briefed for more than two months.  *See ImageVision.Net, Inc.* v. *Internet Payment Exch., Inc.*, 2013 WL 663535, at *3 (D. Del. Feb. 25, 2013), *report and recommendation adopted*, 2013 WL 1743854 (D. Del. Apr. 22, 2013) (denying motion to stay, in part, because "a scheduling order has been issued, with cut off dates for discovery, including expert discovery"); *SoftView LLC*, 2012 WL 3061027, at *4 (denying motion to stay in part because "[s]ubstantial time and resources have been devoted in this case to scheduling").  *Cf. Abbott Diabetes Care, Inc.* v. *DexCom, Inc.*, 2007 WL 2892707, at *5 (D. Del. Sept. 30, 2007) (staying litigation, in part, because no scheduling order had been entered).

Moreover, this Adversary Proceeding is part of a larger bankruptcy proceeding that has been ongoing since November 2022 and has reached an advanced stage.  *See, e.g.*, *Taylor*, 2013 WL 136499, at *2 (finding that advanced stage of underlying bankruptcy proceeding weighed against granting stay).  This Court confirmed the Debtors' *Second Amended Joint Chapter 11 Plan of Reorganization* (the "Plan") on October 8, 2024 [D.I. 26404], and the Plan became effective on January 3, 2025 [D.I. 29127].  Plaintiff invested significant resources in the bankruptcy proceeding leading up to Plan confirmation, and the ongoing distributions to creditors are predicated on the successful recovery of additional estate assets through ongoing adversary proceedings.  [D.I. 19143 at 25, 166.]  "At this stage in the litigation, the Parties deserve prompt

final resolution." *Taylor*, 2013 WL 136499, at *2. Now is the time to return Plaintiff's assets, which should, in fairness, be distributed to creditors.

### III.    A Discovery Stay Would Unduly Prejudice Plaintiff While Rewarding Defendants' Gamesmanship.

Defendants fail to show that "a stay would [not] unduly prejudice or present a clear tactical disadvantage to" Plaintiff. *Rogers*, 2024 WL 894857, at *1. "[D]elay inherently harms a non-moving party by prolonging resolution of the dispute," *Cipla USA, Inc.*, 2022 WL 3139096, at *3, but especially so in bankruptcy proceedings where estate assets are at stake and the bankruptcy court is tasked with "secur[ing] the just, speedy, and inexpensive determination" of the proceedings. Fed. R. Bankr. P. 1001; *see Celotex Corp.* v. *Edwards*, 514 U.S. 300, 308 (1995) (observing that Congress intended bankruptcy courts to "deal efficiently and expeditiously with all matters connected with the bankruptcy estate").

Unnecessary delay of adversary proceedings would ultimately harm creditors because it would delay the recovery of estate assets and result in unnecessary fees and costs. *See*, *e.g.*, *Costantino* v. *City of Atlantic City*, 2015 WL 668161, at *4 (D.N.J. Feb. 17, 2015) ("[A] stay would substantially delay plaintiff's efforts to 'diligently proceed to sustain [her] claim.' [] This substantially prejudices plaintiff.").

Given Defendants' actions over the past two years, it is clear that any further delay will severely prejudice Plaintiff. Despite being on notice that the Huobi Exchange and Poloniex Exchange—which are owned, operated by or associated with Defendants and under common ownership of Justin Sun—contained estate assets, Defendants repeatedly dodged outreach from the Debtors or complicated the Debtors' efforts to recover their assets. For instance, from November 2022 to August 2023, the Debtors repeatedly reached out regarding the Alameda Accounts. (Compl. ¶¶ 31-35.) Defendants either ignored such requests, claimed the Debtors were

-10-

not reaching out to the correct Huobi entity or sent the Debtors requests for documentations that the Debtors had already provided. (Compl. ¶¶ 31-35.) Despite the Debtors' compliance with each of Defendants' requests, Defendants still refused to cooperate. (Compl. ¶ 35.) This runaround already has hampered Plaintiff's recovery efforts and any further delay of discovery will inhibit the preservation of relevant evidence.

Defendants claim that the expense of engaging in discovery while their Motions to Dismiss are pending weighs in favor of a stay. (About Capital Mot. at 9.) This is not so. "This type of economic harm has [] been deemed not to amount to the kind of 'undue' hardship or inequity referenced in the case law" of this Circuit. *Kaavo*, 2015 WL 1737476 at *4 n.10; *see also Standard Chlorine of Del., Inc.* v. *Sinibaldi*, 821 F. Supp. 232, 262 (D. Del. 1992) (that discovery requests "will entail significant legal and accounting expenses to complete" is not a proper basis for refusing to participate in discovery). And despite Digital Legend's assertion that its challenges to personal jurisdiction somehow insulate it from this rule (Digital Legend Mot. at 10), courts have also often denied motions to stay discovery pending resolution of a personal jurisdiction challenge even where the defendant was located outside the United States. *See, e.g.*, *Bridgestone Ams., Inc.* v. *Int'l Bus. Machs. Corp.*, 2016 WL 11786196, at *3 (M.D. Tenn. July 6, 2016) (declining to stay discovery although the movant was located in Japan, as the party's "fingerprints . . . [we]re all over this case"). Defendants have therefore failed to show that proceeding with discovery in accordance with a case management schedule to which Defendants agreed will impose any substantial cognizable burden on them, much less one that will negate the undue prejudice to Plaintiff and its creditors.

## **CONCLUSION**

For all of the foregoing reasons, this Court should deny Defendants' Motions.

Dated:  May 5, 2025
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
Matthew B. McGuire (No. 4366)
Howard W. Robertson IV (No. 6903)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:  landis@lrclaw.com
       cobb@lrclaw.com
       mcguire@lrclaw.com
       robertson@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Stephanie G. Wheeler (admitted *pro hac vice*)
Stephen Ehrenberg (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Christopher J. Dunne (admitted *pro hac vice*)
Jacob M. Croke (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: wheelers@sullcrom.com
       ehrenbergs@sullcrom.com
       gluecksteinb@sullcrom.com
       dunnec@sullcrom.com
       crokej@sullcrom.com

*Counsel for Plaintiff*