# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST,<br><br>        Plaintiff,<br><br>- against -<br><br>HUOBI GLOBAL LTD., HTX LTD., ABOUT CAPITAL MANAGEMENT (HK) CO., LTD., DIGITAL LEGEND HODLINGS LTD., ORANGE ANTHEM LTD., and POLO DIGITAL ASSETS, LTD.,<br><br>        Defendants. | Adv. Pro. No. 24-50219 (KBO) |

## DIGITAL LEGEND HODLINGS LTD.'S
## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

CAHILL GORDON & REINDEL LLP
Gregory Strong (No. 4664)
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
(302) 884-0001
GStrong@cahill.com

Samson A. Enzer (admitted *pro hac vice*)
Tammy L. Roy (admitted *pro hac vice*)
Joel H. Levitin (admitted *pro hac vice*)
Gregory Mortenson (admitted *pro hac vice*)
32 Old Slip
New York, NY 10005
(212) 701-3000
SEnzer@cahill.com
TRoy@cahill.com
JLevitin@cahill.com
GMortenson@cahill.com

*Attorneys for Digital Legend Hodlings Ltd.*

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ...................................................................1

PRELIMINARY STATEMENT .....................................................................................................1

LEGAL STANDARD......................................................................................................................3

ARGUMENT...................................................................................................................................3

I. THE PROPOSED AMENDED COMPLAINT IS FUTILE AS TO DIGITAL LEGEND................................................................................................................................3

    A. The Proposed Amended Complaint Does Not Establish a *Prime Facie* Basis to Assert Jurisdiction over Digital Legend........................................................4

        1. Plaintiff Has Not Pleaded an Alter Ego Theory of Jurisdiction...................5

        2. Exercising Personal Jurisdiction over Digital Legend Would Be Unreasonable and Contrary to Fair Play and Substantial Justice. ...............8

    B. The Proposed Amended Complaint Does Not Plausibly State a Claim for Relief Against Digital Legend. .......................................................................9

        1. Plaintiff Fails to State a Claim for Turnover. .............................................9

        2. Plaintiff Fails to State a Claim for the Alleged Violation of the Automatic Stay.........................................................................................10

II. LEAVE TO AMEND SHOULD BE DENIED ON THE GROUNDS OF UNDUE DELAY AND PREJUDICE. .......................................................................12

CONCLUSION..............................................................................................................................14

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Asahi Metal Indus. Co.* v. *Superior Ct. of California, Solano Cnty.*,
    480 U.S. 102 (1987)..................................................................................................9

*City of Chicago, Illinois* v. *Fulton*,
    592 U.S. 154 (2021)..........................................................................................10, 11

*Cleveland-Cliffs Burns Harbor LLC* v. *Boomerang Tube, LLC*,
    2023 WL 5688392 (Del. Ch. Sept. 5, 2023) ..............................................................7

*CMR D.N. Corp.* v. *City of Philadelphia*,
    703 F.3d 612 (3d Cir. 2013)....................................................................................12

*Cureton* v. *National Collegiate Athletic Ass'n*,
    252 F.3d 267 (3d Cir. 2001)....................................................................................13

*Crockett* v. *Luitpold Pharmaceuticals, Inc.*,
    2020 WL 3096527 (E.D. Pa. June 11, 2020) .........................................................13

*Energy Marine Services, Inc.* v. *DB Mobility Logistics AG*,
    2016 WL 284432 (D. Del. Jan. 22, 2016)................................................................6

*In re Essar Steel Minnesota LLC*,
    2019 WL 2246712 (Bankr. D. Del. May 23, 2019)................................................5n

*Fidelity National Information Services, Inc.* v. *Plano Encryption Technologies, LLC*, 2016 WL 1650763 (D. Del. Apr. 25, 2016)....................................................4, 6

*In re Fisker Automotive Holdings, Inc. Shareholder Litig.*,
    2018 WL 5113964 (D. Del. Oct. 12, 2018) ...........................................................12

*Fuld* v. *Palestine Liberation Org.*,
    606 U.S. 1 (2025)......................................................................................................8

*Global Gaming Philippines, LLC* v. *Razon*,
    2022 WL 836716 (S.D.N.Y. Mar. 21, 2022) .........................................................5n

*Kabbaj* v. *Simpson*,
    2013 WL 2456108 (D. Del. June 6, 2013)...............................................................5

*In re Moll Industries, Inc.*,
    454 B.R. 574 (Bankr. D. Del. 2011) ....................................................................5, 7

*In re Opus East, LLC*,
    528 B.R. 30 (Bankr. D. Del. 2015) ..................................................................................6

*Sierra* v. *Trafigura Trading LLC*,
    2024 WL 3823018 (D. Del. Aug. 14, 2024) ......................................................................7

*In re Tyson*,
    433 B.R. 68 (S.D.N.Y. 2010) ...........................................................................................5n

*In re United Tax Group, LLC*,
    2018 WL 1135496 (Bankr. D. Del. Feb. 28, 2018) .....................................................3, 12

*In re Walmart Inc. Securities Litig.*,
    151 F.4th 103 (3d Cir. 2025) ............................................................................................3

*Wortham* v. *KarstadtQuelle AG (In re Nazi Era Cases Against German Defendants Litig.)*,
    153 F. App'x 819 (3d Cir. 2005) ......................................................................................8

**NATURE AND STAGE OF THE PROCEEDINGS**

On January 7, 2026, Plaintiff filed its Motion for Leave to Amend Complaint (*see* D.I. 65 ("Motion to Amend" or "Motion")).[1] Defendant Digital Legend Hodlings Ltd. ("Digital Legend") respectfully submits this memorandum of law and Declaration of Gregory Strong ("Strong Decl.") in opposition to Plaintiff's Motion to Amend.

**PRELIMINARY STATEMENT**

As with Plaintiff's prior pleading, the "Proposed Amended Complaint," (Adv. D.I. 65-2), does not establish this Court's jurisdiction over Digital Legend, nor does it state viable claims against Digital Legend. It remains undisputed that Digital Legend is a foreign company, organized under the laws of the British Virgin Islands ("BVI"), that does not conduct any business in the United States. The Proposed Amended Complaint offers no substantive allegations that connect Digital Legend to the United States or to the alleged conduct underlying the claims in this case. Plaintiff again makes a failed attempt to tie Digital Legend to the actions of others through an "alter ego" theory that is not supported by plausible factual allegations. Plaintiff's unsupported "alter ego" theory should be rejected yet again, and the Motion to Amend as to Digital Legend should be denied.

In granting Digital Legend's prior motion to dismiss, the Court found that "[a]t best," the few allegations Plaintiff had alleged in support of its "alter ego" theory merely established that Justin Sun owns and controls certain entities before the Court, which is insufficient "under any of the laws that could be applied." (*See* Strong Decl., Ex. A ("Hr'g Tr.") 52:20-53:3). The same is true of Plaintiff's Proposed Amended Complaint. While it continues to summarily assert that the

---

[1] Unless otherwise noted, all emphasis is added and all internal citations and quotations are omitted.

various corporate Defendants are part of one "unified, integrated enterprise" owned by Mr. Sun, it lacks any allegations to support any claim that *Digital Legend* is the alter ego of any of the other Defendants, let alone the alter ego of Orange Anthem, the only Defendant alleged to have some connection to the United States by filing a claim in the bankruptcy.

In fact, the Proposed Amended Complaint merely repackages the same news articles and information that Plaintiff attached to its opposition to the first motion to dismiss, and which the Court already cautioned would be insufficient.  (*See* Hr'g Tr. at 54:7-11 ("I'll say one thing, I did look at the news articles and information that was attached and I'll tell you that if that is what is submitted with an amended complaint, it most likely will not pass muster.")).  Plaintiff's Motion to Amend should therefore be denied for two principal reasons.

*First*, amendment is futile.  The Proposed Amended Complaint does not plead sufficient facts to support an alter ego theory.  This Court does not have personal jurisdiction over Digital Legend based on the acts of other entities.  Further, the complaint fails to state claims against Digital Legend based on acts of other entities.

*Second*, even assuming *arguendo* that the Proposed Amended Complaint could survive a motion to dismiss (it cannot), the Court should deny leave to amend based on Plaintiff's unnecessary delay and the undue burden and prejudice imposed on Digital Legend.  Plaintiff has been on notice of the defects in its case against Digital Legend since at least April 2025 (if not sooner), when Digital Legend moved to dismiss.  In fact, in clear recognition of its obviously deficient pleading, Plaintiff tried to bulk it up by attaching 29 exhibits spanning 260 pages to its opposition to the motion to dismiss.  The Court expressed its disappointment with this dilatory approach at the motion to dismiss hearing, noting that it was "a waste of all our time" for Plaintiff to have proceeded with its initial Complaint instead of amending in response to Digital Legend's

motion to dismiss.  (*See* Hr'g Tr. 25:13-18 ("[W]hen you write an opposition and you cite things that are outside the complaint, you should just amend, right. . . .  it just seems like a waste of all our time.")).

Yet, even these 260 pages of materials mentioned Digital Legend only once, and did nothing to advance Plaintiff's allegations against it.  Thus, should the Court grant leave to amend, Digital Legend would be forced to re-brief a dismissal motion, incurring significant additional costs, based on allegations that the Court already warned would likely be insufficient.  Under such circumstances, even Rule 15's "liberal" standard must give way.  Digital Legend, a foreign entity without **any** alleged domestic contacts (let alone alleged contacts related to the claims in this case), should not be subjected to the burden and expense of continuing to defend itself in this lawsuit.  The Court should deny Plaintiff's Motion as to Digital Legend.

## LEGAL STANDARD

A court may deny a motion to amend where amendment would be futile, *i.e.*, where the proposed amended complaint would not survive a motion to dismiss.  *See In re Walmart Inc. Securities Litig.*, 151 F.4th 103, 112 (3d Cir. 2025).  Amendment may also be denied on the basis of "undue delay, bad faith, a dilatory motive, [or] undue prejudice" on the defendant.  *In re United Tax Group, LLC*, 2018 WL 1135496, at *3 (Bankr. D. Del. Feb. 28, 2018).

## ARGUMENT

### I.    THE PROPOSED AMENDED COMPLAINT IS FUTILE AS TO DIGITAL LEGEND.

As the Court held in granting Digital Legend's first motion to dismiss, Plaintiff failed to state a claim for relief as to Digital Legend because Plaintiff had not sufficiently demonstrated that it was the "alter ego" of any of the other Defendants—despite the hundreds of pages attached to Plaintiff's opposition brief.  (*See* Hr'g Tr. 51:17-54:17).  Plaintiff's alter ego theory—which is

essential both for Plaintiff's assertion of personal jurisdiction over Digital Legend and its substantive claims against Digital Legend—still does not pass muster. Establishing an "alter ego" under any of the laws that could be applied here requires much more extensive factual support than what is alleged. The Proposed Amended Complaint adds virtually nothing with respect to Digital Legend. The Motion to Amend should therefore be denied as futile.

        **A.**    **The Proposed Amended Complaint Does Not Establish a *Prime Facie* Basis to Assert Jurisdiction over Digital Legend.**

Plaintiff's Proposed Amended Complaint fails to address the problem at the heart of its original Complaint—that is, the absence of ***any*** alleged connection between Digital Legend and the United States. As with its prior pleading, Plaintiff attempts to create a connection where there is none by relying on an alter ego theory of personal jurisdiction. (*See* Motion to Amend at 4-12). Of course, simply alleging that one or more of the Defendants is the alter ego of another is not sufficient to plead jurisdiction. Rather, Plaintiff is required to plausibly plead that Digital Legend is the alter ego of an entity that has a sufficient connection to the United States and the claims at issue such that this Court may exercise personal jurisdiction over it. *See Fidelity National Information Services, Inc.* v. *Plano Encryption Technologies, LLC*, 2016 WL 1650763, at *4 (D. Del. Apr. 25, 2016) ("Delaware courts have 'rather strictly' applied the alter ego theory of personal jurisdiction, using an analysis similar to that used in determining whether to pierce the corporate veil. . . . [such that] the existence of acts in [the forum] [] can be fairly imputed to the [foreign] defendant and which satisfy . . . federal due process requirements."), *R&R adopted*, 2016 WL 11695472 (D. Del. June 23, 2016).

Plaintiff suggests that it has met this burden by alleging that (i) a different foreign entity (Orange Anthem), allegedly under the control of Justin Sun, has filed a claim in the FTX bankruptcy (*see* Proposed Amended Complaint ¶¶ 89-91), and (ii) Digital Legend is part of a group

of corporate entities that are all alter egos of Mr. Sun (*see id.* ¶¶ 22, 26-27).  This alleged connection between Digital Legend and this forum remains unchanged from Plaintiff's original Complaint, and Plaintiff's allegations purportedly supporting it continue to fall short.

### 1. Plaintiff Has Not Pleaded an Alter Ego Theory of Jurisdiction.

To establish personal jurisdiction, a plaintiff must not rely on mere allegations but provide "actual proof" "with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum . . . to support jurisdiction." *See Kabbaj* v. *Simpson*, 2013 WL 2456108, at *4 (D. Del. June 6, 2013), *R&R adopted*, 2013 WL 12147600 (D. Del. Aug. 28, 2013), *aff'd*, 547 F. App'x 84 (3d Cir. 2013).  Despite seeking the opportunity for a do-over, Plaintiff has not come close to meeting this baseline standard.

As this Court held previously, the allegations as to Digital Legend—shared ownership and control (*see* Proposed Amended Complaint ¶¶ 22, 26, 49-50)—are insufficient under any potentially applicable law.[2]  *See In re Moll Industries, Inc.*, 454 B.R. 574, 589 (Bankr. D. Del. 2011) ("[A]llegations [of] . . . sharing officers and directors do not by themselves establish a single enterprise."); (*see also* Hr'g Tr. 54:13-17 (the "factors that support alter-ego claims [must] be supported by facts that are alleged in the complaint and control and ownership is just one fact")).

---

[2] Plaintiff's Motion to Amend ignores the threshold issue of applicable law.  Delaware's choice of law rules require the application of "the law of the state of incorporation to issues involving corporate internal affairs." *In re Essar Steel Minnesota LLC*, 2019 WL 2246712, at *4 (Bankr. D. Del. May 23, 2019).  Digital Legend is incorporated in the BVI. (Proposed Amended Complaint ¶ 22).  Under the BVI regime, English law applies, and the showing to pierce the corporate veil is "equally -- if not more -- stringent than" that of Delaware law. *Global Gaming Philippines, LLC* v. *Razon*, 2022 WL 836716, at *7 (S.D.N.Y. Mar. 21, 2022); *cf. In re Tyson*, 433 B.R. 68, 86 (S.D.N.Y. 2010) ("veil piercing is quite rare under English law. . . . [the] opportunities for veil-piercing are extremely limited indeed and . . . [r]eported cases in any context where the claim has succeeded are few in number and striking on their facts") (cleaned up).  As shown above, Plaintiff's Proposed Amended Complaint fails under Delaware (and thus BVI/English) law.

Because Delaware respects the corporate form, Delaware courts require an "exceptional case" before they will disregard the corporate form. *Fidelity National*, 2016 WL 1650763, at *4.

The alter ego analysis in Delaware is "similar to that used in determining whether to pierce the corporate veil," *id.*, which considers a multitude of factors including "(1) whether the corporation is adequately capitalized; (2) whether the corporation is solvent; (3) whether corporate formalities were observed (*e.g.*, whether dividends were paid, corporate records kept, or officers and directors functioned properly); (4) whether the controlling shareholder siphoned company funds; and (5) in general, whether the corporation simply functioned as a façade for the controlling shareholder." *Id.* But here, Plaintiff has made no allegations regarding the adequacy of Digital Legend's capitalization, whether it is solvent, the satisfaction of any dividends to be paid, whether sufficient records were kept, whether officers or directors conducted their duties, or whether Digital Legend functioned as a "façade" for Mr. Sun.

Rather, the Proposed Amended Complaint again points only to alleged shared ownership and control, but does not address any of the other necessary indicia. This is simply not enough to make the "exceptional" showing required to pierce Digital Legend's corporate veil. *Id.*; *In re Opus East, LLC*, 528 B.R. 30, 57 (Bankr. D. Del. 2015) (Piercing the corporate veil "is not to be done lightly," and only in "exceptional circumstances."). (*See also* D.I. 31 at 13-14, 17-19). (*See also* Hr'g Tr. 52:22-53:3 ("At best, the allegations establish that Justin Sun owns and controls the entities before me, but that is insufficient for an alter-ego claim under any of the laws that could be applied, . . . even when the fact of ownership and control is combined with the [fact that] . . . operational management teams maybe had been shared.")); *Energy Marine Services, Inc.* v. *DB Mobility Logistics AG*, 2016 WL 284432, at *3 (D. Del. Jan. 22, 2016) (allegations of "whole

ownership of most of the subsidiary companies" insufficient even when combined with "various indicia of operational control over the subsidiaries").

Plaintiff makes three arguments in defense of its "alter ego" allegations. First, Plaintiff argues that it has alleged that Mr. Sun has failed to observe corporate formalities as to certain corporate entities in which he holds ownership interests (*see* Proposed Amended Complaint ¶¶ 28-37); yet, significantly, Plaintiff offers no such alleged facts as to Digital Legend. Second, Plaintiff argues that it has alleged that Mr. Sun used certain entities to satisfy his personal obligations. (*Id.* ¶¶ 38-47). Again, even taken as true, Plaintiff offers no such allegations as to Digital Legend.

Finally, Plaintiff argues that it has alleged that Ms. Yiying Jiang is a director of both Digital Legend as well as other corporate entities affiliated with Justin Sun **that are not parties to this case**. (*See id.* ¶¶ 49-50). Plaintiff does not, and cannot, explain why Ms. Jiang's alleged role in entities that are not named as Defendants in this case could support "alter ego" jurisdiction or claims in this case. Moreover, as explained *supra*, the alleged existence of an overlapping director is insufficient to meet the high standard of pleading a basis to disregard the corporate form. *See In re Moll Industries, Inc.*, 454 B.R. at 589 ("[A]llegations [of] . . . sharing officers and directors do not by themselves establish a single enterprise."); *Cleveland-Cliffs Burns Harbor LLC* v. *Boomerang Tube, LLC*, 2023 WL 5688392, at *6 (Del. Ch. Sept. 5, 2023) (denying veil piercing while noting "well established principle [of corporate law] that directors and officers holding positions with a parent and its subsidiary can and do change hats to represent the two corporations separately, despite their common ownership"); *Sierra* v. *Trafigura Trading LLC*, 2024 WL 3823018, at *12 n.14 (D. Del. Aug. 14, 2024) ("Even if [the overlapping management] w[as] pleaded in the [complaint], this would not be sufficient to demonstrate a *prima facie* showing of alter ego.").

### 2. Exercising Personal Jurisdiction over Digital Legend Would Be Unreasonable and Contrary to Fair Play and Substantial Justice.

Due process requires, *inter alia*, that a plaintiff plead sufficient factual material to show that the "assertion of jurisdiction" is tied "to predicate conduct that in and of itself bears a meaningful relationship to the United States." *Fuld* v. *Palestine Liberation Org.*, 606 U.S. 1, 23 (2025).[3] The Supreme Court has instructed that this may properly include an "inquiry into the reasonableness of the assertion of jurisdiction in the particular case." *Id.* The exercise of personal jurisdiction over Digital Legend remains unreasonable through the lens of the Proposed Amended Complaint. As Digital Legend has repeatedly explained, this entire dispute is between foreign entities, and chiefly concerns assets that Alameda, a foreign cryptocurrency trading firm (*see* Proposed Amended Complaint ¶¶ 56-58), allegedly placed on foreign cryptocurrency platforms that do not conduct any business in the United States. (*Id.*; *see also id.* ¶¶ 7, 20).

The only touchstone to this forum is that Debtors' counsel unilaterally chose to file for bankruptcy protection in the United States. Where, like here, the forum contacts are especially thin, a more robust reasonableness showing is necessary. *See Wortham* v. *KarstadtQuelle AG (In re Nazi Era Cases Against German Defendants Litig.)*, 153 F. App'x 819, 825 (3d Cir. 2005) ("A weak minimum contacts showing requires greater emphasis on reasonableness."). No such showing is present in this suit.

---

[3] While the Supreme Court in *Fuld* held that the Fourteenth Amendment's "minimum contacts" standard is not coextensive with the Fifth Amendment's due process analysis, the Court emphasized that the Fifth Amendment "might entail a similar inquiry into the reasonableness of the assertion of jurisdiction in the particular case." 606 U.S. at 23. Indeed, the Court refused to "delineate the outer bounds of the Federal Government's power, consistent with due process, to hale foreign defendants into U. S. courts," *id.* at 18, and instead reiterated that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field," *id.* at 19. *Fuld* does not permit a plaintiff to abdicate its responsibility to plead meaningful, suit-related U.S. contacts by foreign defendants and demonstrate the "reasonableness" of the exercise of personal jurisdiction over a foreign defendant.

Digital Legend, a foreign entity that does not operate in the United States, is being sued by the successor trust of a foreign cryptocurrency hedge fund for alleged tampering with Debtors' estate assets, predicated entirely on Digital Legend's alleged ownership interest in the Huobi exchange and Plaintiff's grouping of Digital Legend with other foreign entities under the term "Huobi." Exercising personal jurisdiction over Digital Legend when Plaintiff has not pleaded a single forum contact would implicate significant due process concerns. *See Asahi Metal Industry Co.* v. *Superior Court of California, Solano County*, 480 U.S. 102, 114 (1987) (emphasizing the "unique burdens placed upon one who must defend oneself in a foreign legal system"); (*see also* D.I. 45 at 3 (holding that "significant due process concerns with moving forward with discovery before the Court determines whether it has personal jurisdiction" over Digital Legend supported granting motion to stay discovery)).

### B. The Proposed Amended Complaint Does Not Plausibly State a Claim for Relief Against Digital Legend.

Plaintiff's Proposed Amended Complaint seeks to assert two claims against Digital Legend: a turnover claim (Count One) and a claim for violation of the automatic stay (Count Four). (Plaintiff no longer seeks to assert a claim for disallowance against Digital Legend.) Even if Plaintiff could establish personal jurisdiction with respect to Digital Legend (and it cannot), Plaintiff's proposed amended allegations still fail to state a viable claim against Digital Legend.

#### 1. Plaintiff Fails to State a Claim for Turnover.

Count One of the Proposed Amended Complaint asserts a claim for turnover of Alameda's assets. (Proposed Amended Complaint ¶ 83). This claim is directed at "Huobi," which is alleged to have possession and/or control over those assets. (*Id.* ¶¶ 56-63, 69). Digital Legend is swept into the claim merely because Plaintiff summarily defines "Huobi" to include "Huobi Global, Huobi Global S.A., About Capital, and Digital Legend." (*Id.* ¶ 26).

-9-

Just as with the original Complaint, Plaintiff does not allege that **Digital Legend** has possession or control over the assets that are the subject of its turnover claim. Thus, again, this claim rests entirely on Plaintiff's "alter ego" theory that this court rejected once before. The turnover claim in the Proposed Amended Complaint is no different. As explained, *supra*, Plaintiff has failed to allege facts sufficient to provide a basis to pierce the corporate veil of Digital Legend and conclude that it is an alter ego of Orange Anthem (the only entity with an alleged U.S. connection). (*See supra* Section I.A.1). For the same reasons, Plaintiff fails to allege facts sufficient to support a finding that Digital Legend is an alter ego of "Huobi" or any other person or entity with alleged possession or control of the assets at issue. As described above, Plaintiff offers no alleged facts in support of any of the factors courts consider in determining whether to pierce a corporate veil—other than common ownership which is not sufficient on its own. (*See supra* Section I.A.1).

Accordingly, Plaintiff's turnover claim remains insufficiently pled as to Digital Legend and is thus futile.

### 2. Plaintiff Fails to State a Claim for the Alleged Violation of the Automatic Stay.

Count Four of the Proposed Amended Complaint asserts a claim for violation of the automatic stay. (*See* Proposed Amended Complaint ¶¶ 93-97). The Court previously dismissed this claim because "mere retention of estate property following the petition date"—which Plaintiff still alleges here—does not violate the stay. (Hr'g Tr. at 53:4-9); *see also City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 158 (2021) ("[M]erely retaining possession of estate property does not violate the automatic stay."). In an attempt to salvage its claim against Digital Legend, Plaintiff makes three arguments, none of which comes close to stating a claim for violation of the automatic stay with respect to Digital Legend.

***First***, the Proposed Amended Complaint asserts that Defendants changed the status quo by affirmatively restricting Plaintiff's access to assets in the Alameda Poloniex Account.  (Proposed Amended Complaint ¶ 58).  Plaintiff alleges that Defendant Poloniex changed the status quo when it "affirmatively disabled access to the Alameda Poloniex Account" post-Petition.  (*Id.*).  But Plaintiff does not allege that Digital Legend played any role in these alleged events.  In fact, the Proposed Amended Complaint contains no allegations whatsoever connecting Digital Legend to Poloniex—which Plaintiff excludes from its otherwise expansive definition of "Huobi." (*Id.* ¶ 26 (defining "Huobi" as "Huobi Global, Huobi Global S.A., About Capital, and Digital Legend")).

***Second***, the Proposed Amended Complaint summarily alleges that "Huobi" "affirmatively disabled access to the Alameda Huobi Account."  (*See id.* ¶ 57).  Even assuming *arguendo* that Plaintiff's group pleading allegations as to "Huobi" were permissible (they are not), allegations of an alleged loss of access to assets do not constitute an alleged violation of the automatic stay under *Fulton*.  In *Fulton*, the City of Chicago had lawfully impounded each debtor's vehicle, pre-petition, for unpaid fines.  592 U.S. at 157.  The plaintiffs had access to the vehicles, provided they paid the fines.  After the debtors filed for bankruptcy, the City refused to return the vehicles—instead maintaining possession pending the parties' ongoing litigation.  *Id.*  The Supreme Court held that the City's continued retention did not violate Section 362(a)(3)'s prohibition on "affirmative acts that would disturb the status quo." *Id.* at 158-60.  So too here.  The continued maintenance of assets in the same exchange account—without an allegation of post-petition transfer, seizure, or new exercise of dominion—reflects "mere retention" which is not actionable under 362(a)(3). *Id.* at 160-62.

***Finally***, Plaintiff alleges that "Huobi" instituted a platform-wide "conversion scheme" with respect to certain tokens allegedly held in the Alameda account.  (Proposed Amended

-11-

Complaint ¶ 73). This argument likewise fails. Again, Plaintiff has not (and cannot) allege that *Digital Legend* played any role in the alleged scheme.

Accordingly, the Amended Complaint fails to plead a willful stay violation against Digital Legend as a matter of law.

### II.    LEAVE TO AMEND SHOULD BE DENIED ON THE GROUNDS OF UNDUE DELAY AND PREJUDICE.

In addition to futility, courts are well within their discretion to deny a motion to amend for other reasons including, bad faith, undue delay, and prejudice to the non-moving party. *See In re United Tax Group, LLC*, 2018 WL 1135496, at *3 ("Notwithstanding the liberal view toward amendments, grounds that can justify denial of leave to amend include undue delay, bad faith, a dilatory motive, undue prejudice, futility, and repeated failure to cure deficiencies by previously-allowed amendments.").

This case was filed on November 9, 2024. The initial Complaint contained virtually no allegations against Digital Legend and none sufficient to establish personal jurisdiction or to state a claim against it. After Digital Legend moved to dismiss the initial Complaint on April 22, 2025, Plaintiff then purported to bolster its allegations as to Digital Legend (and other Defendants) with hundreds of pages of materials outside the pleadings—the vast majority of which was available to Plaintiff before November 2024. To date, Plaintiff has offered no explanation as to this delay. For this reason alone, its motion should be denied. *See CMR D.N. Corp.* v. *City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013) (affirming denial of motion to amend after plaintiff "proffered no good reason" for failing to raise argument based on fact that "had been in existence since the lawsuit was filed"); *In re Fisker Automotive Holdings, Inc. Shareholder Litig.*, 2018 WL 5113964, at *6 (D. Del. Oct. 12, 2018) (holding the fact that plaintiff "offer[ed] no reason" for delay "by itself is sufficient to justify denial of a motion for leave to amend").

As this Court recognized, Plaintiff should have amended its Complaint in response to Digital Legend's motion to dismiss, rather than trying to shoehorn information and arguments in through exhibits attached to its opposition brief. The Court rightfully recognized that Plaintiff's approach was a "waste of all our time." (Hr'g Tr. 25:13-19). But, despite a clear warning that the Court expected more than the arguments and information that Plaintiff previously pressed in opposing the motion to dismiss, the Proposed Amended Complaint relies on the same (or substantially similar) materials—namely years-old public reports, regulatory records, and social media posts—and Sun-centric narrative that the Court has already indicated would "not pass muster." (Hr'g Tr. 54:7-17). In addition to being dilatory, this approach also unfairly prejudices Digital Legend.

A finding of undue prejudice "focus[es] on the hardship to the defendants if the amendment were permitted." *Cureton* v. *National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) ("Specifically, [in considering whether amendment would cause prejudice] we have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories."). Allowing amendment here would unduly prejudice a foreign defendant, by requiring another round of motions to dismiss notwithstanding the fact that Plaintiff again offers virtually no allegations about that defendant. Significant cost and time have already been incurred and allowing amendment here will cause further hardship to Digital Legend. This prejudice is particularly acute here where Digital Legend is a BVI company, that does not conduct any business (nor is alleged to have conducted any business) in the United States. *See Crockett* v. *Luitpold Pharmaceuticals, Inc.*, 2020 WL 3096527, at *5 (E.D. Pa. June 11, 2020) (recognizing "unique burdens placed upon one who must defend oneself in a foreign legal system"

(quoting *Asahi Metal Industry Co.* v. *Superior Court of California, Solano County*, 480 U.S. 102, 114 (1987)).

For these additional reasons, the Court should deny the Motion to Amend.

## CONCLUSION

The Court should deny the Plaintiff's Motion to Amend, and dismiss all claims with prejudice as to Digital Legend. The proposed amendments do not (and cannot) establish personal jurisdiction over Digital Legend, nor do they cure the substantive defects in Plaintiff's claims. Leave to amend should be denied.

Date: January 21, 2026							Respectfully submitted,

*/s/ Gregory Strong*
Gregory Strong (No. 4664)
CAHILL GORDON & REINDEL LLP
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
(302) 884-0001
GStrong@cahill.com

Samson A. Enzer (admitted *pro hac vice*)
Tammy L. Roy (admitted *pro hac vice*)
Joel H. Levitin (admitted *pro hac vice*)
Gregory Mortenson (admitted *pro hac vice*)
32 Old Slip
New York, NY 10005
(212) 701-3125
SEnzer@cahill.com
TRoy@cahill.com
JLevitin@cahill.com
GMortenson@cahill.com

*Attorneys for Digital Legend Hodlings Ltd.*

**CERTIFICATE OF SERVICE**

    I hereby certify that I am not less than 18 years of age and that on this 21st day of January 2026, I caused a true and correct copy of the foregoing Digital Legend Hodlings Ltd.'s Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend Complaint, and Declaration of Gregory Strong in Support of Digital Legend Hodlings Ltd.'s Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend Complaint and exhibit attached thereto, to be served upon the parties on the attached service list in the manner indicated.

    Under penalty of perjury, I declare the following is true and correct.

Dated: January 21, 2026　　　　　　　　　　*/s/ Gregory Strong*
Wilmington, Delaware　　　　　　　　　　　Gregory Strong (No. 4664)

**Service List - Via CM/ECF**

Adam G. Landis, Esq.
Richard S. Cobb, Esq.
Matthew B. McGuire, Esq.
Howard W. Robertson IV, Esq.
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
Wilmington, Delaware 19801
landis@lrclaw.com
cobb@lrclaw.com
mcguire@lrclaw.com
robertson@lrclaw.com

Stephanie G. Wheeler, Esq.
Stephen Ehrenberg, Esq.
Brian D. Glueckstein, Esq.
Christopher J. Dunne, Esq.
Jacob M. Croke, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
wheelers@sullcrom.com
ehrenbergs@sullcrom.com
gluecksteinb@sullcrom.com
dunnec@sullcrom.com
crokej@sullcrom.com

*Attorneys for Plaintiff FTX Recovery Trust*

David E. Kirk
KIRK & INGRAM, LLP
43 West 43rd Street, Suite 279
New York, NY 10036
dkirk@kirkingram.com

*Attorneys for Defendants About Capital Management (HK) Co., Ltd. and Orange Anthem Ltd.*

Benjamin J. Steele, Esq.
KROLL RESTRUCTURING ADMINISTRATION LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232
bsteele@primeclerk.com

*Claims Agent Representative*