## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST,<br><br>Plaintiff,<br><br>- against -<br><br>HUOBI GLOBAL LTD., ABOUT CAPITAL MANAGEMENT (HK) CO., LTD., DIGITAL LEGEND HODLINGS LTD., HUOBI GLOBAL S.A., ORANGE ANTHEM LTD., POLO DIGITAL ASSETS, LTD., and YUCHEN "JUSTIN" SUN,<br><br>Defendants. | Adv. Pro. No. 24-50219 (KBO) |

## DIGITAL LEGEND HODLINGS LTD.'S AND HUOBI GLOBAL S.A.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR <u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>

**CAHILL GORDON & REINDEL LLP**

Samson A. Enzer[*]
Tammy L. Roy[*]
Joel H. Levitin[*]
Gregory Mortenson[*]
32 Old Slip
New York, NY 10005
(212) 701-3000
SEnzer@cahill.com
TRoy@cahill.com
JLevitin@cahill.com
GMortenson@cahill.com
[*]*admitted pro hac vice*

Gregory Strong (No. 4664)
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
(302) 884-0001
GStrong@cahill.com

*Attorneys for Defendants*
*Digital Legend Hodlings Ltd. and*
*Huobi Global S.A.*

Dated: May 15, 2026

**TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ...................................................1

SUMMARY OF ARGUMENT ...............................................................................1

STATEMENT OF FACTS .....................................................................................4

ARGUMENT ..........................................................................................................6

I.    THE COURT LACKS PERSONAL JURISDICTION OVER DIGITAL LEGEND AND HGSA .................................................................................6

    A.    The Court Cannot Exercise General Jurisdiction Over Digital Legend or HGSA ..........................................................................................6

    B.    The Court Cannot Exercise Specific Jurisdiction Over Digital Legend or HGSA ..........................................................................................7

        1.    Plaintiff Does Not Allege Sufficient U.S. Contacts, or That the Claims Relate to U.S. Contacts .....................................................8

        2.    Plaintiff's Improper Reliance on Group Pleading Fails to Establish a *Prima Facie* Case for Jurisdiction over Digital Legend or HGSA .........10

        3.    Plaintiff Fails to Sufficiently Plead Digital Legend or HGSA Is an Alter Ego of any Co-Defendant .....................................................11

        4.    Plaintiff Does Not Sufficiently Plead Personal Jurisdiction Based on a Purported Conspiracy .....................................................16

        5.    Plaintiff Does Not Sufficiently Plead Personal Jurisdiction Under the "Effects" Test .....................................................17

    C.    The Exercise of Personal Jurisdiction Over Digital Legend or HGSA Would Not Be Consistent with Due Process .....................................................18

II.    THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM AS TO DIGITAL LEGEND AND HGSA .....................20

    A.    Plaintiff Fails to Assert Claims Supported by Specific Allegations as to Digital Legend and HGSA .....................................................20

    B.    Plaintiff's Automatic Stay Violation Claim Fails Because Alleged Retention of Debtors' Assets is Not an Affirmative Act, As Required .................22

CONCLUSION ........................................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asahi Metal Industry Co.* v. *Superior Court of California, Solano County*,
   480 U.S. 102 (1987)........................................................................................................19

*Ashcroft* v. *Iqbal*,
   556 U.S. 662 (2009)........................................................................................................20

*Astor Chocolate Corp.* v. *Elite Gold Ltd.*,
   510 F. Supp. 3d 108 (S.D.N.Y. 2020)...............................................................................8

*In re Astropower Liquidating Trust*,
   2006 WL 2850110 (Bankr. D. Del. Oct. 2, 2006) ...............................................6, 7, 8, 9

*Bell Atlantic Corp.* v. *Twombly*,
   550 U.S. 544 (2007)........................................................................................................20

*Berdeaux* v. *OneCoin Ltd.*,
   561 F. Supp. 3d 379 (S.D.N.Y. 2021)..............................................................................10

*Black* v. *JP Morgan Chase & Co.*,
   2011 WL 4102802 (W.D. Pa. Aug. 10, 2011) ..................................................................8n

*Burtch* v. *Zachem*,
   2023 WL 6140247 (Bankr. D. Del. Sept. 19, 2023) ...................................................20, 21

*In re Champion Enterprises*,
   2010 WL 3522132 (Bankr. D. Del. Sept. 1, 2010) .........................................................22n

*In re CII Parent, Inc.*,
   2023 WL 2926571 (Bankr. D. Del. Apr. 12, 2023) ..........................................................23

*City of Chicago* v. *Fulton*,
   592 U.S. 154 (2021)............................................................................................17, 23, 24

*Cleveland-Cliffs Burns Harbor LLC* v. *Boomerang Tube, LLC*,
   2023 WL 5688392 (Del. Ch. Sept. 5, 2023) ...............................................................15, 22n

*In re Conex Holdings, LLC*,
   514 B.R. 405 (Bankr. D. Del. 2014) ................................................................................20

*Danziger & De Llano, LLP* v. *Morgan Verkamp LLC*,
   948 F.3d 124 (3d Cir. 2020)..............................................................................................7

*E.I. du Pont de Nemours & Co.* v. *Agfa Corp.*,
   2019 WL 11624523 (D. Del. Apr. 15, 2019)......................................................................16

*Energy Marine Servs., Inc.* v. *DB Mobility Logistics AG*,
   2016 WL 284432 (D. Del. Jan. 22, 2016).........................................................................14

*Erickson* v. *Pardus*,
   551 U.S. 89 (2007).............................................................................................................20

*In re Essar Steel Minnesota LLC*,
   2019 WL 2246712 (Bankr. D. Del. May 23, 2019)...........................................................11

*Est. of Daher* v. *LSH CO.*,
   2021 WL 184394 (D. Del. Jan. 19, 2021)..........................................................................17

*Fidelity National Information Servs., Inc.* v. *Plano Encryption Technologies, LLC*,
   2016 WL 1650763 (D. Del. Apr. 25, 2016)............................................................12, 13, 14

*In re Fragrance Direct Purchaser Antitrust Litig.*,
   2025 WL 572827 (D.N.J. Feb. 21, 2025) .........................................................................16n

*Fuld* v. *Palestine Liberation Org.*,
   606 U.S. 1 (2025).........................................................................................................19, 19n

*Global Gaming Philippines, LLC* v. *Razon*,
   2022 WL 836716 (S.D.N.Y. Mar. 21, 2022) .....................................................................11

*Gonzalez* v. *BAM Trading Servs., Inc.*,
   2024 WL 4589791 (D.N.J. Oct. 28, 2024)..........................................................................9n

*Goodyear Dunlop Tires Operations, S.A.* v. *Brown*,
   564 U.S. 915 (2011)..............................................................................................................6

*Hasson* v. *FullStory, Inc.*,
   114 F.4th 181 (3d Cir. 2024) ................................................................................................8

*IMO Indus., Inc.* v. *Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998)..........................................................................................17, 18

*Jonas* v. *Est. of Leven*,
   116 F. Supp. 3d 314 (S.D.N.Y. 2015)............................................................................ 11-12

*LG Electronics, Inc.* v. *ASKO Appliances, Inc.*,
   2009 WL 1811098 (D. Del. June 23, 2009).......................................................................11

*Loan Source, Inc.* v. *NEWITY LLC*,
   2026 WL 796920 (D. Del. Mar. 23, 2026) ........................................................................15

*In re Lyondell Chemical Co.*,
    543 B.R. 127 (Bankr. S.D.N.Y. 2016) .................................................................... 13-14

*Magill* v. *Elysian Global Corp.*,
    2021 WL 1221064 (D.N.J. Apr. 1, 2021) .................................................................9

*Malik* v. *Cabot Oil & Gas Corp.*,
    710 F. App'x 561 (3d Cir. 2017) .......................................................................... 6-7

*In re Maxus Energy Corp.*,
    641 B.R. 467 (Bankr. D. Del. 2022) ........................................................................14

*In re Moll Industries, Inc.*,
    454 B.R. 574 (Bankr. D. Del. 2011) ........................................................................22

*In re Nazi Era Cases Against German Defendants Litigation*,
    153 F. App'x 819 (3d Cir. 2005) ............................................................................19

*Panam Mgmt. Grp., Inc.* v. *Pena*,
    2011 WL 3423338 (E.D.N.Y. Aug. 4, 2011).............................................................11

*Panthera Rail Car LLC* v. *Kasgro Rail Corp.*,
    985 F. Supp. 2d 677 (W.D. Pa. 2013).......................................................................16

*Pearson* v. *Component Tech. Corp.*,
    247 F.3d 471 (3d Cir. 2001)...................................................................13, 14, 15

*In re Residential Capital, LLC*,
    556 B.R. 555 (Bankr. S.D.N.Y. 2016).......................................................................24

*Rocke* v. *Pebble Beach Co.*,
    541 F. App'x 208 (3d Cir. 2013) ............................................................................18

*Saudi* v. *Acomarit Maritimes Servs., S.A.*,
    114 F. App'x 449 (3d Cir. 2004) .............................................................................6

*Sheehan* v. *Breccia Unlimited Co.*,
    2021 WL 4355363 (N.D. Ill. Sept. 24, 2021) ..........................................................18

*Sheehan* v. *Breccia Unlimited Co. (In re Sheehan)*,
    48 F.4th 513 (7th Cir. 2022) ....................................................................................9

*Sierra* v. *Trafigura Trading LLC*,
    2024 WL 3823018 (D. Del. Aug. 14, 2024) .................................................6, 12, 14

*TruePosition, Inc.* v. *LM Ericsson Tel. Co.*,
    844 F. Supp. 2d 571 (E.D. Pa. 2012) .....................................................................8n

*Truinject Corp.* v. *Nestle Skin Health. S.A.*,
2020 WL 1270916 (D. Del. Mar. 17, 2020) ................................................................10

*In re Tyson*,
433 B.R. 68 (S.D.N.Y. 2010) .......................................................................................11

*In re VeraSun Energy Corp.*,
2013 WL 3336870 (Bankr. D. Del. June 28, 2013) ......................................................6

*Walden* v. *Fiore*,
571 U.S. 277 (2014) ......................................................................................................6

*Wilkoski* v. *B&T Express, Inc.*,
2022 WL 847068 (W.D. Pa. Mar. 22, 2022) ......................................................... 15-16

*In re Wonderwork, Inc.*,
611 B.R. 169 (Bankr. S.D.N.Y. 2020) .........................................................................21

*In re Worth Collection, Ltd.*,
666 B.R. 726 (Bankr. D. Del. 2024) .............................................................................13

*You Map, Inc.* v. *Snap Inc.*,
2021 WL 3171838 (D. Del. July 27, 2021) ..................................................................10

**Statutes**

11 U.S.C. § 362............................................................................... 5, 20, 22-23, 24

11 U.S.C. § 542.........................................................................................................5, 20

**Other Authorities**

Federal Rule of Bankruptcy Procedure 7012(b) .................................................................1

Federal Rule of Civil Procedure 12(b)(2) ..........................................................................1

Federal Rule of Civil Procedure 12(b)(6) ..........................................................................1

U.S. Bankruptcy Court, District of Delaware Local Rule 7012-1 ....................................1n

**NATURE AND STAGE OF THE PROCEEDINGS**

This adversary proceeding concerns property allegedly belonging to Debtors' estates held in accounts on foreign cryptocurrency exchanges.   Plaintiff filed the initial Complaint on November 9, 2024.  (D.I. 1).  On December 8, 2025, after hearing oral argument, the Court granted Defendants' motions to dismiss the Complaint, finding Plaintiff's alter ego theory inadequately pleaded.  (*See* D.I. 61).  Plaintiff then sought leave to amend (D.I. 65), which the Court granted on March 2, 2026 (D.I. 74).  Pursuant to the stipulation filed on March 16, 2026 (D.I. 77), Defendants Digital Legend Hodlings Ltd. ("Digital Legend") and Huobi Global S.A. ("HGSA"), through their undersigned counsel, hereby move for an order under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (incorporated by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure) dismissing with prejudice all claims against Digital Legend and HGSA in the Amended Complaint ("AC" (D.I. 75)).[1]  Digital Legend and HGSA respectfully submit this memorandum in support of their motion.

**SUMMARY OF ARGUMENT**

As with its initial pleading, Plaintiff's AC relies heavily on an "alter ego" theory as to both personal jurisdiction and as to its underlying claims.  In finding Plaintiff's initial Complaint failed to sufficiently allege a basis for its alter ego theory, the Court provided Plaintiff specific guidance on any future attempt: an amended pleading relying on the same news articles and information from Plaintiff's first motion to dismiss opposition brief (*see* D.I. 46) would "likely not pass muster."  (*See* D.I. 63, December 8, 2025 Oral Argument Hearing Transcript ("Hr'g Tr.") at 54:7-

---

[1] Digital Legend and HGSA presently take no position on the Court's authority to enter a final judgment in this proceeding, and consistent with Local Rule 7012-1 will state any such position, if necessary, in any answer to the Amended Complaint.  Unless otherwise noted, all emphasis is added, and all internal citations and quotations are omitted.

10).  Yet the AC does precisely that—repackaging the same publicly available news articles, internet posts, and conclusory assertions into a longer, but no more substantive, pleading.  As to Digital Legend, the AC's allegations are substantively identical to those this Court already rejected.  And although the AC adds HGSA and Justin Sun as defendants, and introduces new claims against Mr. Sun and Orange Anthem, none of these additions bear on the jurisdictional basis or legal sufficiency of the claims against Digital Legend or HGSA.  Both of these Defendants should now be dismissed with prejudice.

*First*, the AC does not establish any basis for this Court to exercise personal jurisdiction over Digital Legend or HGSA.  Digital Legend is a British Virgin Islands ("BVI") company with no alleged United States contacts.  HGSA is a Panamanian company whose sole alleged U.S. contact—registering the "HTX" trademark in October 2023—is legally insufficient to confer jurisdiction.  Plaintiff does not attempt to assert that Digital Legend or HGSA is independently subject to the jurisdiction of this Court.

Instead, Plaintiff's jurisdictional theory is premised on its assertion that because Mr. Sun allegedly owns and controls all Defendants, the jurisdictional contacts of any Defendant may be imputed to Digital Legend and HGSA through an alter ego theory.  (*See* D.I. 46 at 12-15).  But the Court has already found this theory insufficient based on nearly identical allegations, finding that: "[a]t best, the allegations establish that Justin Sun owns and controls the entities" and "shared" "operational management teams" among them, which is "insufficient for an alter-ego claim under any of the laws that could be applied[.]"  (Hr'g Tr. at 52:22-53:3).  Because the AC adds virtually nothing new—Plaintiff still offers no allegations regarding the adequacy of Digital Legend or HGSA's capitalization, solvency, observance of corporate formalities, or functioning as a mere façade—dismissal is once again warranted.

Moreover, even if Plaintiff had adequately pled alter ego (it has not), the theory would still fail to support personal jurisdiction because the AC does not identify any co-defendant with sufficient ties to this forum whose contacts could be imputed to Digital Legend or HGSA. The only entity with a plausible U.S. connection is Orange Anthem, by virtue of its bankruptcy claim. (*See* AC ¶ 10). But the AC does not allege that Digital Legend or HGSA is an alter ego of Orange Anthem, and even if it had, horizontal veil-piercing among sister companies that share a common owner is not a recognized basis for imputing jurisdictional contacts.

*Second*, even if Plaintiff had sufficiently pled a basis for personal jurisdiction (it has not), the AC fails to state a claim as to Digital Legend and HGSA. The AC asserts two claims against each of them, for turnover and violation of the automatic stay. Plaintiff fails to adequately plead either.

Notably, the AC does not (and could not) allege that Digital Legend or HGSA have control over the assets at issue, or the ability to turn them over. Instead, the AC alleges only that the Huobi exchange is controlled by "one or more associated companies owned and controlled by [Mr.] Sun"—without specifying which one—and then sweeps all of those entities together through improper group-pleading by defining "Huobi" to encompass them all, without distinction. (AC ¶ 26). Plaintiff's conclusory and improperly group-pled allegations simply fail to connect either Digital Legend or HGSA to the Alameda Huobi Account or the alleged retention of Debtors' assets. In addition, as to Plaintiff's automatic stay claim, the AC's allegations describe, at most, the passive retention of estate property, which does not constitute a violation of the automatic stay as a matter of law.

The Court should dismiss the claims against Digital Legend and HGSA with prejudice.

**STATEMENT OF FACTS**

At its core, the AC alleges that two cryptocurrency exchanges, Huobi and Poloniex, are improperly withholding property belonging to Debtors.  (AC ¶¶ 1, 8-9).  Plaintiff, the FTX Recovery Trust, is the successor-in-interest to the litigation claims of Debtors Alameda Research Ltd. ("Alameda") and FTX Trading Ltd. ("FTX.com").  (AC ¶ 3).  According to the AC, prior to Debtors' November 2022 bankruptcy petition, Alameda (a foreign cryptocurrency trading firm and sister company to FTX) "opened and operated accounts at various cryptocurrency exchanges around the world."  (AC ¶ 4).  Among those was an account allegedly maintained on the Huobi cryptocurrency exchange, registered to the email address anand.ratiney@gmail.com.  (AC ¶¶ 7, 57; AC Ex. 1 (Ellison Decl.) ¶ 3).[2]

The alleged threads connecting Digital Legend and HGSA to this dispute are thin, at best. With respect to Digital Legend, the AC merely alleges that Digital Legend and About Capital "together . . . acquired" Huobi Global Ltd. and "other related entities in September 2022" (AC ¶¶ 21-22), and that the Huobi exchange "formerly operated under Huobi Global [Ltd.]" (AC ¶ 20). As for HGSA, the AC alleges only that it was "organized in Panama in May 2023" with Huobi Global Ltd. as its treasurer, and that it filed a U.S. trademark application for "HTX" in October 2023 (AC ¶ 23).

Beyond these scant factual allegations, the AC otherwise relies on speculation and group pleading, conclusorily asserting that "[u]pon information and belief" Mr. Sun "exercises control over" Digital Legend and HGSA (*see* AC ¶¶ 22, 23), and that they, along with About Capital, Huobi Global Ltd., and other unspecified "associated companies," "operate as a unified, integrated

---

[2] The AC does not allege that Digital Legend or HGSA are themselves connected to Poloniex or Polo Digital Assets, Ltd.  Accordingly, Digital Legend and HGSA do not address these entities further.

enterprise under Sun's ownership and control, including by sharing management and operational teams" (AC ¶ 26).[3]  The AC group labels these entities as "Huobi" but never alleges which entity actually controls the Huobi exchange—instead asserting only that "[a]t all relevant times, Huobi has been owned, controlled and operated by or through *one or more* associated companies owned and controlled by Sun, *including*" Digital Legend, HGSA, About Capital, and Huobi Global Ltd. (AC ¶ 26).  In other words, at best, the AC simply speculates that one or more of the named entities might be involved.

The AC further alleges that between the filing of Debtors' bankruptcy petitions in November 2022 and the commencement of this adversary proceeding, Plaintiff communicated with unidentified persons allegedly associated with "Huobi" regarding the return of Debtors' assets purportedly held on the Huobi exchange—including discussions concerning a Chinese police investigation that prevents the return of the assets.  (*See* AC ¶¶ 59-64).  Notably, none of these alleged communications identifies Digital Legend or HGSA, or any person acting on their behalf, as a participant.

The only claims directed at Digital Legend and HGSA in the AC are: (i) turnover of alleged Debtors' assets under 11 U.S.C. § 542 against "Huobi" (Count One) (AC ¶¶ 82-84); and (ii) violation of the automatic stay under 11 U.S.C. § 362(a)(3), (k) against "Huobi" (Count Four) (AC ¶¶ 93-97).  For the reasons explained below, both claims should be dismissed with prejudice as to Digital Legend and HGSA.

---

[3] The AC also alleges that Digital Legend has a common director with "numerous entities [Sun] controls" (*see* AC ¶ 49), but none of those entities are parties to this suit, or have anything to do with the alleged retention of Debtors' assets.

**ARGUMENT**

## I.    THE COURT LACKS PERSONAL JURISDICTION OVER DIGITAL LEGEND AND HGSA

Plaintiff has not carried its burden to demonstrate that the Court's "exercise of jurisdiction" over Digital Legend or HGSA "comports with [their] right[s] to due process." *See Sierra* v. *Trafigura Trading LLC*, 2024 WL 3823018, at *4 (D. Del. Aug. 14, 2024). Rule 12(b)(2) requires a plaintiff to "make a prima facie showing that personal jurisdiction exists" by "establish[ing] with reasonable particularity sufficient contacts between the defendant and the forum state." *Id.* at *3; *see also In re VeraSun Energy Corp.*, 2013 WL 3336870, at *3 (Bankr. D. Del. June 28, 2013) (same). Critically, this requires a defendant-specific and claim-specific basis for jurisdiction, *see Saudi* v. *Acomarit Maritimes Servs., S.A.*, 114 F. App'x 449, 453 (3d Cir. 2004), focused on the contacts "that the defendant *himself* create[d] with the forum State"—not those of "the plaintiff or third parties." *Walden* v. *Fiore*, 571 U.S. 277, 284, 291 (2014) (emphasis in original).

The Supreme Court has recognized that personal jurisdiction may be based on either "general jurisdiction" or "specific jurisdiction." *Goodyear Dunlop Tires Operations, S.A.* v. *Brown*, 564 U.S. 915, 919 (2011); *see also Sierra*, 2024 WL 3823018, at *3; *In re Astropower Liquidating Trust*, 2006 WL 2850110, at *3 (Bankr. D. Del. Oct. 2, 2006). Here, Plaintiff fails to sufficiently plead either as to Digital Legend or HGSA, or to establish that the exercise of jurisdiction here would comport with due process.

### A.    The Court Cannot Exercise General Jurisdiction Over Digital Legend or HGSA

For a court to exercise general jurisdiction over a foreign corporation, "[its] affiliations with the State [must be] so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear*, 564 U.S. at 919. A corporation is generally "at home" only in its "place of incorporation and principal place of business." *Malik* v. *Cabot Oil & Gas Corp.*, 710 F. App'x

561, 564 (3d Cir. 2017) ("[I]t is incredibly difficult to establish general jurisdiction over a corporation in a forum *other* than the place of incorporation or principal place of business.") (emphasis in original).

Plaintiff's own allegations confirm that neither defendant is "at home" in the U.S.  The AC alleges that Digital Legend "is a British Virgin Islands company" (AC ¶ 22) and that HGSA is a company "organized in Panama" (AC ¶ 23).  Plaintiff does not allege that either is domiciled in the U.S. or conducts any business here.  *See Astropower*, 2006 WL 2850110, at \*1 (dismissing an adversary proceeding for lack of personal jurisdiction where foreign defendants were not "domiciled in the United States and . . . had little if any contact with the United States").  There is thus no basis for general jurisdiction here.

**B.    The Court Cannot Exercise Specific Jurisdiction Over Digital Legend or HGSA**

To sufficiently plead specific personal jurisdiction, "the plaintiff must establish with reasonable particularity three elements": (i) the defendant "purposefully directed its activities at the forum," (ii) the plaintiff's claims "arise out of or relate to the defendant's activities" in the forum, and (iii) exercising personal jurisdiction will not "offend traditional notions of fair play and substantial justice." *Danziger & De Llano, LLP* v. *Morgan Verkamp LLC*, 948 F.3d 124, 129-30 (3d Cir. 2020).  Plaintiff fails to plead specific personal jurisdiction.  As shown below, the AC (1) fails to allege any U.S. contacts by Digital Legend or HGSA, (2) improperly relies on group pleading to attempt to manufacture jurisdiction, (3) does not adequately plead that either entity is the alter ego of any co-defendant subject to this Court's jurisdiction, (4) cannot establish jurisdiction under a conspiracy theory, and (5) fails to satisfy the "effects" test.

### 1.    Plaintiff Does Not Allege Sufficient U.S. Contacts, or That the Claims Relate to U.S. Contacts

Plaintiff does not allege any contacts with the U.S. by Digital Legend or HGSA suggesting they "purposely avail[ed] themselves of any business dealings in the United States or specifically direct[ed] any action to the [d]ebtor[s] in the United States." *Astropower*, 2006 WL 2850110, at *7.  Indeed, Plaintiff does not (and could not) allege that Digital Legend or HGSA has employees, bank accounts, or offices in the U.S., or that it transacted any business in the U.S.  As discussed below, neither HGSA's registration of the "HTX" trademark, the handful of post-petition email communications cited in the AC, nor Plaintiff's own ties to the forum are sufficient U.S. contacts.

HGSA's alleged registration of the "HTX" trademark in the U.S. (AC ¶ 23) is insufficient to establish personal jurisdiction.  "[T]he weight of authority rejects basing federal long-arm jurisdiction on the mere registration of a U.S. trademark." *Astor Chocolate Corp.* v. *Elite Gold Ltd.*, 510 F. Supp. 3d 108, 136 (S.D.N.Y. 2020) (collecting cases from various jurisdictions).[4] Even if registration of a trademark demonstrated purposeful availment, it would still not be enough to establish personal jurisdiction because the turnover and automatic stay claims here have nothing to do with the HTX trademark.  *See Hasson* v. *FullStory, Inc.*, 114 F.4th 181, 186, 193 (3d Cir. 2024) (affirming dismissal for lack of personal jurisdiction where purposeful availment was satisfied but a "strong relationship among the defendant, the forum, and the litigation" was lacking; the cause of action was not sufficiently "related to or aris[ing] out of the defendant's contacts with the forum").

---

[4] *See also TruePosition, Inc.* v. *LM Ericsson Tel. Co.*, 844 F. Supp. 2d 571, 591 (E.D. Pa. 2012) ("[Foreign plaintiff's] ownership of a United States trademark is . . . insufficient to confer jurisdiction over it."); *cf. Black* v. *JP Morgan Chase & Co.*, 2011 WL 4102802, at *44 (W.D. Pa. Aug. 10, 2011) ("[M]ere ownership of a registered U.S. trademark does not subject a domestic company to personal jurisdiction in every state throughout the United States."), *R&R adopted*, 2011 WL 4089379 (W.D. Pa. Sept. 14, 2011).

The only other assertions Plaintiff includes in the AC with respect to U.S. contacts are a handful of email communications sent after Debtors filed for bankruptcy—none of which Plaintiff alleges Digital Legend or HGSA sent or received.  (*See* AC ¶¶ 56-64).  Even assuming these communications could be attributed to Digital Legend or HGSA (and the AC provides no basis for that), such limited contacts would still be plainly insufficient to establish a *prima facie* showing of specific jurisdiction.  *See Magill* v. *Elysian Global Corp.*, 2021 WL 1221064, at *2, *8 (D.N.J. Apr. 1, 2021) (defendants did not purposefully avail themselves of forum "by contracting and communicating with [p]laintiff" while plaintiff was in forum); *see also Sheehan* v. *Breccia Unlimited Co. (In re Sheehan)*, 48 F.4th 513, 526 (7th Cir. 2022) (affirming dismissal of adversary proceeding against foreign defendants for lack of personal jurisdiction despite fact that foreign defendants had sent a "few letters" to plaintiff's address in U.S. forum concerning disputed assets located abroad).

Such inadequate contacts by Digital Legend and HGSA cannot support personal jurisdiction, and Plaintiff cannot fill the gap by pointing to its own presence in the forum: as noted, Plaintiff's own ties to the forum are irrelevant to jurisdiction.  *See Astropower*, 2006 WL 2850110, at *6 (no personal jurisdiction where "it was the [d]ebtors," not defendants, "who deliberately reached out beyond the United States and contracted with" the foreign defendants).[5]

---

[5] Notably, Plaintiff does not allege that the Huobi Alameda account was opened or maintained in the U.S.  But even that would not provide a hook for personal jurisdiction.  *See Gonzalez* v. *BAM Trading Servs., Inc.*, 2024 WL 4589791, at *1, *8 (D.N.J. Oct. 28, 2024) (no personal jurisdiction where plaintiff was based in New Jersey and defendant was registered in New Jersey and served through its New Jersey agent, because the allegations did not connect the defendant to the forum, and plaintiff's unilateral activity was insufficient).

### 2. Plaintiff's Improper Reliance on Group Pleading Fails to Establish a *Prima Facie* Case for Jurisdiction over Digital Legend or HGSA

In the absence of any allegations specific to Digital Legend or HGSA, Plaintiff resorts to improper group pleading lumping them together with About Capital, Huobi Global Ltd., and other unspecified "associated companies," as a singular entity, "Huobi." Courts have repeatedly held that such "group pleading" "fails to meet [a plaintiff's] burden to allege sufficient facts to establish that this Court may properly exercise personal jurisdiction over" each defendant. *Truinject Corp.* v. *Nestle Skin Health. S.A.*, 2020 WL 1270916, at *3 (D. Del. Mar. 17, 2020); *see also Berdeaux* v. *OneCoin Ltd.*, 561 F. Supp. 3d 379, 396 (S.D.N.Y. 2021) ("To allege personal jurisdiction over a defendant, group pleading is not permitted. Instead, the plaintiff is required to establish personal jurisdiction separately over each defendant.").

As noted, the AC merely speculates that *some* entity purportedly associated with Mr. Sun may have some involvement in withholding Debtors' assets. (*See* AC ¶¶ 5, 26, 59-64). But the AC contains no allegations whatsoever about Digital Legend's or HGSA's purported involvement in the exchange or in allegedly withholding Plaintiff's assets. In *Truinject*, the court dismissed on jurisdictional grounds a similar complaint that "attempt[ed] to create the impression" that the role of the defendant at issue "was significant by collectively defining all of the Corporate Defendants" together under a single term in the complaint. *Truinject*, 2020 WL 1270916, at *3. That is precisely what Plaintiff has done here. Dismissal is therefore warranted. *See You Map, Inc.* v. *Snap Inc.*, 2021 WL 3171838, at *6, *6 n.7 (D. Del. July 27, 2021) (granting a 12(b)(2) motion and declining jurisdictional discovery where there "[wa]s no allegation, much less evidence, that [the foreign defendant] did anything in or directed at" the forum, and plaintiffs' complaint relied upon "group pleading" such that "[i]t [wa]s impossible to tell . . . whether [foreign defendant] [wa]s alleged to have distributed anything that ended up in" the forum), *R&R adopted*, 2022 WL

-10-

4377031 (D. Del. Sept. 22, 2022); *LG Electronics, Inc.* v. *ASKO Appliances, Inc.,* 2009 WL 1811098, at *3 (D. Del. June 23, 2009) (no personal jurisdiction where plaintiff alleged "no contacts" by the defendant with the forum, and instead "rel[ied] on speculations about potential relationships between" the defendant and other entities who may have had forum contacts).

### 3. Plaintiff Fails to Sufficiently Plead Digital Legend or HGSA Is an Alter Ego of any Co-Defendant

As noted above, the AC also attempts to assert personal jurisdiction over Digital Legend and HGSA by alleging that all Defendants are alter egos of one another under Mr. Sun's common ownership and control—the same alter ego theory that this Court has already considered and found insufficient. (*See* Hr'g Tr. at 51:17-54:17). As explained below, Plaintiff has failed to plead that Digital Legend or HGSA is the alter ego of any other named Defendant, let alone one with sufficient ties to the United States.

As a threshold matter, Delaware's choice of law rules apply "the law of the state of incorporation to issues involving corporate internal affairs." *In re Essar Steel Minnesota LLC*, 2019 WL 2246712, at *4 (Bankr. D. Del. May 23, 2019). Digital Legend is incorporated in the BVI (AC ¶ 22), where English law applies and the standard for piercing the corporate veil is "equally -- if not more -- stringent than" Delaware's. *Global Gaming Philippines, LLC* v. *Razon*, 2022 WL 836716, at *7 (S.D.N.Y. Mar. 21, 2022); *cf. In re Tyson*, 433 B.R. 68, 86 (S.D.N.Y. 2010) (veil piercing under English law is "quite rare" and successful cases are "few in number and striking on their facts") (cleaned up). HGSA is incorporated under Panamanian law (AC ¶ 23), which likewise treats veil piercing as an "exceptional measure" available only where a corporation was used "for the sole purpose of perpetrating fraud or violating the law." *Panam Mgmt. Grp., Inc.* v. *Pena*, 2011 WL 3423338, at *5 (E.D.N.Y. Aug. 4, 2011); *see also Jonas* v. *Est. of Leven*, 116 F. Supp. 3d 314, 331 (S.D.N.Y. 2015) (declining to pierce where plaintiff "fail[ed] to hurdle

-11-

the high bar set by Panamanian law"). But the Court need not apply English or Panamanian law here, because the AC fails even under the comparatively more lenient Delaware standard, and thus fails under English and Panamanian law as well.

To plead personal jurisdiction under an alter ego theory, a plaintiff must allege that the "contacts of an entity with sufficient ties to a particular forum can be attributed to another entity [because] the entity with the requisite forum contacts is the mere alter ego of the other; this requires a showing similar to piercing the corporate veil." *Sierra*, 2024 WL 3823018, at *11. "Delaware courts [] rather strictly appl[y] the alter ego theory of personal jurisdiction, using an analysis similar to that used in determining whether to pierce the corporate veil," and will disregard the corporate form only in the "exceptional case." *Fidelity National Information Servs., Inc.* v. *Plano Encryption Technologies, LLC*, 2016 WL 1650763, at *4 (D. Del. Apr. 25, 2016), *R&R adopted*, 2016 WL 11695472 (D. Del. June 23, 2016). A finding of alter ego is rare because, as this Court has already acknowledged, "in Delaware, we respect the corporate form[.]" (Hr'g Tr. at 54:16-17).

***The AC Does Not Sufficiently Allege Alter Ego In General.*** When evaluating an alter ego theory of personal jurisdiction under Delaware law, courts first "consider whether there has been a showing that the parent/subsidiary relationship would work an element of fraud, injustice or inequity," and then examine the following non-exhaustive factors: "(1) whether the corporation is adequately capitalized; (2) whether the corporation is solvent; (3) whether corporate formalities were observed (*e.g.*, whether dividends were paid, corporate records kept, or officers and directors functioned properly); (4) whether the controlling shareholder siphoned company funds; and (5) in general, whether the corporation simply functioned as a facade for the controlling shareholder." *Fidelity National*, 2016 WL 1650763, at *4.

Here, Plaintiff merely pleads—without supporting facts—that Digital Legend, HGSA, About Capital, Huobi Global Ltd., and other unspecified "associated companies," are a "joint enterprise," and "operate as a unified, integrated enterprise under Sun's ownership and control, including by sharing management and operational teams." (*See* AC ¶¶ 22, 23, 26). This Court has already weighed these allegations and found them deficient. At the December 8, 2025 hearing, the Court found that "[a]t best, the allegations establish that Justin Sun owns and controls the entities before me, but that is insufficient for an alter-ego claim under any of the laws that could be applied." (Hr'g Tr. at 52:20-25). The Court further instructed that it "expect[ed] the factors that support alter-ego claims to be supported by facts that are alleged in the complaint and control and ownership is just one fact." (*Id.* at 54:13-17). Plaintiff has disregarded this instruction.

The AC does not address any of the traditional veil-piercing factors. Plaintiff makes no allegations that Digital Legend or HGSA lacked adequate capitalization, were insolvent, disregarded corporate formalities, siphoned funds, or functioned as a façade. *Fidelity National*, 2016 WL 1650763, at *4; *Pearson* v. *Component Tech. Corp.*, 247 F.3d 471, 485-86, 491 (3d Cir. 2001); (*see also* Hr'g Tr. at 54:7-11) (warning that an amended complaint based on the same "news articles and information" would be unlikely to "pass muster"). Plaintiff already presented its sole additional factual allegation as to Digital Legend—that Yiying Jiang serves as a director of Digital Legend and various Sun-affiliated entities (AC ¶¶ 49-50)—in opposition to the original motion to dismiss (D.I. 46 at 6), and the Court correctly found that allegation deficient. *See In re Worth Collection, Ltd.*, 666 B.R. 726, 738 n.57 (Bankr. D. Del. 2024) ("[A]n allegation of shared officers and directors has been held insufficient on its own to support a disregard of separate corporation existence."); *In re Lyondell Chemical Co.*, 543 B.R. 127, 145 (Bankr. S.D.N.Y. 2016) ("The existence of common directors and officer[s] is a normal business practice" that is "not [] sufficient

-13-

to justify veil piercing."); *see also Pearson*, 247 F.3d at 485-86, 491 (requiring a high degree of integration between the entities to justify liability and holding that the plaintiffs failed to meet their burden of proving the requisite level of integration even though there was evidence of common ownership); *Energy Marine Servs., Inc.* v. *DB Mobility Logistics AG*, 2016 WL 284432, at *3 (D. Del. Jan. 22, 2016) (allegations of "whole ownership of most of the subsidiary companies" insufficient even when combined with "various indicia of operational control over the subsidiaries"); *In re Maxus Energy Corp.*, 641 B.R. 467, 550 (Bankr. D. Del. 2022) (plaintiffs must demonstrate "complete dominion and control" by the parent or related entity to the extent that the subsidiary or related corporation no longer has "legal or independent significance of its own"). For similar reasons, the allegation that Huobi Global Ltd. served as HGSA's treasurer when HGSA formed in May 2023—seven months after Debtors filed for bankruptcy—and that HGSA registered the HTX trademark have no bearing on the alter ego analysis.

In short, as this Court has already made clear, the allegations as to Digital Legend and HGSA—shared ownership and control (*see* AC ¶¶ 22, 26, 49-50)—are insufficient to plead that either is an alter ego of anyone. (*See* Hr'g Tr. at 54:13-17); *see Fidelity National*, 2016 WL 1650763, at *5 (dismissing for lack of personal jurisdiction and declining jurisdictional discovery where complaint "d[id] nothing more than simply recite the factors relevant to the test for assessing whether two entities are alter egos, and then state that on information and belief the factors [were] at play here"); *Sierra*, 2024 WL 3823018, at *13 (dismissing for lack of personal jurisdiction where plaintiff "vaguely suggest[ed]" that defendant organized its "corporate structure to avoid liability" as mere "speculation[]").

***The AC Does Not Sufficiently Allege Alter Ego With a Defendant Subject to This Court's Jurisdiction.*** Even assuming that Plaintiff had sufficiently alleged alter ego as to Digital Legend

-14-

and HGSA, it would still not provide a basis for personal jurisdiction over them.  Simply put, the AC does not identify any Defendant with sufficient ties to this forum whose contacts could be imputed to Digital Legend or HGSA.

The only Defendant with **any** alleged U.S. contacts is Orange Anthem, in light of Orange Anthem's filing of a claim in the Chapter 11 proceedings.  (*See* AC ¶ 10).  But Orange Anthem's jurisdictional contacts cannot be extended horizontally to its alleged "sister" entities.  As a threshold matter, "horizontal veil piercing" is not recognized as a matter of Delaware law.  *See Loan Source, Inc.* v. *NEWITY LLC,* 2026 WL 796920, at *2 (D. Del. Mar. 23, 2026) (dismissing claims involving "sister corporations" "owned and controlled by the same owners" because "[h]orizontal veil piercing has not been adopted in Delaware"); *Cleveland-Cliffs Burns Harbor LLC* v. *Boomerang Tube, LLC*, 2023 WL 5688392, at *7 (Del. Ch. Sept. 5, 2023) (horizontal veil piercing not adopted in Delaware and, even if recognized, would require traditional veil piercing as a prerequisite).

Even if horizontal veil piercing was accepted under Delaware law, it is not sufficiently alleged here.  The AC does not allege that Digital Legend or HGSA is an alter ego of Orange Anthem—there are no allegations of shared ownership, control, or disregard of corporate formalities between these specific entities.  That Digital Legend, HGSA, and Orange Anthem may share a common owner in Mr. Sun does not make them alter egos of one another.  *See Pearson*, 247 F.3d at 485 (emphasizing that, in assessing alter ego in general, plaintiffs must demonstrate that the entities functioned as a single entity in all aspects of their business and noting that even significant economic relationships and shared administrative support between entities are insufficient to pierce the veil unless the entities are shown to be mere legal fictions); *Wilkoski* v. *B&T Express, Inc.*, 2022 WL 847068, at *21 n.9 (W.D. Pa. Mar. 22, 2022) (the "lack of ability of

-15-

one corporation to control the conduct of its sister corporation precludes application of the piercing-the-corporate-veil doctrine").

Absent a properly pled alter ego relationship with an entity that has sufficient U.S. contacts, Plaintiff's theory cannot supply the jurisdictional nexus required to hale Digital Legend or HGSA into this Court.

### 4. Plaintiff Does Not Sufficiently Plead Personal Jurisdiction Based on a Purported Conspiracy

Although the AC does not mention the word "conspiracy," to the extent Plaintiff attempts to argue conspiracy jurisdiction, that theory would also fail. Even assuming that conspiracy jurisdiction is a valid basis for establishing personal jurisdiction in this Court,[6] it is incompatible with Plaintiff's veil-piercing allegations and insufficiently pleaded.

*First*, Plaintiff undermines any argument for conspiracy jurisdiction by alleging that Digital Legend and HGSA "operate as a joint enterprise" with About Capital and Huobi Global Ltd. (AC ¶ 26). Plaintiff cannot simultaneously allege that Digital Legend and HGSA are mere alter egos and yet at the same time claim they were discrete parts of a conspiracy. *See E.I. du Pont de Nemours & Co.* v. *Agfa Corp.*, 2019 WL 11624523, at *3 (D. Del. Apr. 15, 2019) (rejecting allegations that "affiliated entities under common control conspired with one another because a corporation generally cannot be deemed to have conspired with its wholly owned subsidiary or its officers and agents"); *see also Panthera Rail Car LLC* v. *Kasgro Rail Corp.*, 985 F. Supp. 2d 677, 688-89 (W.D. Pa. 2013) (explaining that theories of alter ego and conspiracy cannot coexist "because an alter ego cannot conspire with itself").

---

[6] Although Delaware state law appears to recognize conspiracy jurisdiction in some circumstances, "no court in the Third Circuit has adopted the theory of conspiracy jurisdiction" which "does not square" with federal due process. *In re Fragrance Direct Purchaser Antitrust Litig.*, 2025 WL 572827, at *8 (D.N.J. Feb. 21, 2025).

*Second*, the AC does not plead the required elements of a conspiracy.  Namely, the AC does not plead that Digital Legend or HGSA agreed to participate in any conspiracy—indeed, the term "conspiracy" is not mentioned at all in the AC.  Nor does Plaintiff point to any actions that Digital Legend or HGSA undertook that could even conceivably connect them to any purported conspiratorial activity.  *See Est. of Daher* v. *LSH CO.*, 2021 WL 184394, at \*6 n.5 (D. Del. Jan. 19, 2021) (finding conspiracy jurisdiction improper where "there [were] no allegations that [defendant] was involved in" the alleged conspiratorial activity "or that it had an agreement with anyone who did"), *R&R adopted sub nom.*, 2021 WL 7416294 (D. Del. Mar. 17, 2021).

### 5. Plaintiff Does Not Sufficiently Plead Personal Jurisdiction Under the "Effects" Test

The AC additionally does not satisfy the "effects" test for personal jurisdiction.  The effects test requires a plaintiff to plead: (i) defendants committed an intentional tort; (ii) plaintiffs felt the "brunt" of the harm in the forum; and (iii) defendants expressly aimed their allegedly tortious conduct at the forum.  *IMO Indus., Inc.* v. *Kiekert AG,* 155 F.3d 254, 265-66 (3d Cir. 1998).  Here, Plaintiff fails to sufficiently allege all three prongs.

*First*, Plaintiff does not allege that Digital Legend or HGSA committed an intentional tort.  Even if a violation of the automatic stay could qualify as an intentional tort, Plaintiff does not adequately allege such a claim against either Defendant.  As explained below (*see* Section II.B, *infra*), the "mere retention" of estate property after the bankruptcy petition is filed—which is all Plaintiff alleges—does not violate the automatic stay.  *City of Chicago* v. *Fulton*, 592 U.S. 154, 158, 161-62 (2021).

*Second*, even if the mere retention of assets constituted a violation of the automatic stay (it does not), Plaintiff also fails to show that it "felt the brunt of the [alleged] harm in the forum such that the forum can be said to be the focal point."  *IMO*, 155 F.3d at 265.  Any alleged "Huobi"

contacts regarding the Alameda account involved only foreign entities operating outside of the U.S., and concerned an account not alleged to have been opened or maintained in the U.S.  (*See* AC ¶ 57).  Debtors' own unilateral act of filing a bankruptcy petition in the U.S. is not a contact-creating action attributable to Defendants.  *See Sheehan* v. *Breccia Unlimited Co.,* 2021 WL 4355363, at *5 (N.D. Ill. Sept. 24, 2021) (explaining that plaintiff's "unilateral act of filing for Chapter 11 bankruptcy, thereby giving rise to the automatic stay that [the defendant] allegedly violated" cannot be the basis for specific personal jurisdiction), *aff'd*, 48 F.4th 513 (7th Cir. 2022).  Simply put, the alleged retention of assets on a foreign exchange allegedly owned by a foreign company does not make the U.S. the "focal point" of any alleged harm.

*Third*, for similar reasons, Plaintiff does not establish that Digital Legend or HGSA "expressly aimed [their allegedly] tortious conduct at the forum," rendering it "the focal point of the tortious activity."  *IMO*, 155 F.3d at 266.  Any alleged interactions with "Huobi" personnel discussing the Alameda account concerned the supposed assets of a ***foreign*** company on a ***foreign*** exchange.  (*See* AC ¶¶ 59-64).  Plaintiff does not and cannot explain how these interactions constitute conduct aimed at the U.S.  For the reasons discussed above, Plaintiff's own decision to enlist U.S. representatives to retrieve supposed estate assets is irrelevant to this question.  Nor does Plaintiff point to any relevant pre-injury contacts with the U.S. "leading up to and surrounding the accrual of the cause of action."  *Rocke* v. *Pebble Beach Co.,* 541 F. App'x 208, 212 (3d Cir. 2013) (noting it was "unreasonable for [plaintiff] to rely on post-injury contact" with the forum).  Plaintiff thus fails to meet the "effects" test.

**C.     The Exercise of Personal Jurisdiction Over Digital Legend or HGSA Would Not Be Consistent with Due Process**

Due process requires, *inter alia*, that a plaintiff plead sufficient factual material demonstrating that the "assertion of jurisdiction" is tied "to predicate conduct that in and of itself

bears a meaningful relationship to the United States." *Fuld* v. *Palestine Liberation Org.*, 606 U.S. 1, 23 (2025).[7] The Supreme Court has instructed that this may properly include an "inquiry into the reasonableness of the assertion of jurisdiction in the particular case." *Id.* The exercise of personal jurisdiction over Digital Legend and HGSA is unreasonable. This entire dispute involves foreign entities and chiefly concerns assets that Alameda, a foreign cryptocurrency trading firm (*see* AC ¶¶ 56-58), allegedly placed on foreign cryptocurrency platforms that conduct no business in the U.S. (*Id.*; *see also id.* ¶¶ 7, 20).

The only connection to this forum is that Debtors' counsel unilaterally chose to file for bankruptcy protection in the United States. Where, as here, forum contacts are especially thin, a more robust reasonableness showing is necessary. *See In re Nazi Era Cases Against German Defendants Litigation*, 153 F. App'x 819, 825 (3d Cir. 2005) ("A weak minimum contacts showing requires greater emphasis on reasonableness."). No such showing is present here.

Exercising personal jurisdiction over Digital Legend and HGSA when Plaintiff has not pleaded a single forum contact would implicate significant due process concerns. *See Asahi Metal Industry Co.* v. *Superior Court of California, Solano County*, 480 U.S. 102, 114 (1987) (emphasizing the "unique burdens placed upon one who must defend oneself in a foreign legal system"); (*see also* D.I. 45 at 3 (holding that "significant due process concerns with moving

---

[7] While the Supreme Court in *Fuld* held that the Fourteenth Amendment's "minimum contacts" standard is not coextensive with the Fifth Amendment's due process analysis, the Court emphasized that the Fifth Amendment "might entail a similar inquiry into the reasonableness of the assertion of jurisdiction in the particular case." 606 U.S. at 23. Indeed, the Court declined to "delineate the outer bounds of the Federal Government's power, consistent with due process, to hale foreign defendants into U. S. courts," *id.* at 18, and instead reiterated that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field," *id.* at 19. *Fuld* does not permit a plaintiff to abdicate its responsibility to plead meaningful, suit-related U.S. contacts by foreign defendants and demonstrate the "reasonableness" of exercising personal jurisdiction over a foreign defendant.

forward with discovery before the Court determines whether it has personal jurisdiction" over Digital Legend supported granting motion to stay discovery)).

## II.   THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM AS TO DIGITAL LEGEND AND HGSA

Even if Plaintiff had sufficiently alleged personal jurisdiction over Digital Legend and HGSA (it has not), the AC nevertheless fails to state any claim against them. To survive a motion to dismiss, a complaint must allege facts plausibly suggesting the defendant's liability. *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 557 (2007). While the court accepts as true all factual allegations in the pleading, *Erickson* v. *Pardus*, 551 U.S. 89, 94 (2007), it is "not bound to accept as true [any] legal conclusion couched as a factual allegation." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). To be plausible, the complaint must contain "enough factual matter" to "raise [the] right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. Neither of the AC's two claims against Digital Legend and HGSA—for turnover of Debtors' assets under Bankruptcy Code § 542 (Count I) and violation of the automatic stay under Bankruptcy Code § 362(a)(3), (k) (Count IV)—meets this standard, and therefore both should be dismissed.

### A.   Plaintiff Fails to Assert Claims Supported by Specific Allegations as to Digital Legend and HGSA

Plaintiff's claims against Digital Legend and HGSA fail for the same reason personal jurisdiction is lacking: they rest entirely on group-wide allegations against separate and distinct legal entities, without specifying conduct undertaken by each. *See supra* Sections I.B.2 and I.B.3.

*First*, the AC "lacks sufficiently specific allegations regarding each Defendant[,]" warranting dismissal. *Burtch* v. *Zachem*, 2023 WL 6140247, at *3 (Bankr. D. Del. Sept. 19, 2023). A plaintiff does not satisfy its pleading burden when it "lumps all of the [defendants] together . . . without supplying specific facts as to each defendant's wrongdoing." *In re Conex Holdings, LLC*, 514 B.R. 405, 414 (Bankr. D. Del. 2014). But, as explained above, that is precisely what the AC

does here.  The sparse allegations as to Digital Legend and HGSA (*see* AC ¶¶ 22-23, 26, 49), fail to allege that Digital Legend or HGSA engaged in any conduct related to Plaintiff's claims or that they have any control or authority over the Alameda Huobi account.  Although Plaintiff alleges that Digital Legend is one of the two entities that acquired Huobi Global Ltd. (*see* AC ¶ 22), and that Huobi Global Ltd. served as the treasurer of a Panamanian company that registered the "HTX" trademark in the U.S. (nearly a year after Debtors filed for bankruptcy) (*see* AC ¶ 26), these allegations do not connect either Digital Legend or HGSA to the operation or control of the Huobi exchange.

Instead, as noted, Plaintiff speculates, based only on unexplained "information and belief," that "Huobi" is "owned, controlled and operated by or through *one or more* associated companies owned and controlled by Sun, *including*" Digital Legend, HGSA, About Capital, and Huobi Global Ltd. (AC ¶ 26).  But this speculation that Digital Legend or HGSA might be involved does not (and could not) amount to a well-pled allegation that Digital Legend or HGSA have anything to do with the alleged retention of Alameda assets or the ability to turn them over.  *See Burtch*, 2023 WL 6140247, at *4 (dismissing claims where the "[c]omplaint collapse[d] the [defendants] into the term the 'Company' or the 'Debtors' and fail[ed] to identify which [defendant] may have been involved in any particular action or inaction."); *see also In re Wonderwork, Inc.*, 611 B.R. 169, 198 (Bankr. S.D.N.Y. 2020) ("When a complaint is brought against multiple defendants, it cannot lump all the defendants together in each claim and provide no factual basis to distinguish their conduct.").

*Second*, as explained above (*see supra* Section I.B.3), Plaintiff fails to allege any recognized veil-piercing factors—capitalization, solvency, corporate formalities, fund siphoning, or operation as a façade—and courts pierce the corporate veil only in "exceptional circumstances"

which are not present here.  As noted, Digital Legend and HGSA are incorporated as distinct legal entities (*see* AC ¶¶ 22, 23), and sharing employees, resources, common shareholders, or subsidiaries does not demonstrate alter-ego status or provide a basis for piercing the corporate form.  *See, e.g.*, *In re Moll Industries, Inc.*, 454 B.R. 574, 590-91 (Bankr. D. Del. 2011) ("[A]llegations such as using the same office and sharing officers and directors do not by themselves establish a single enterprise.").[8]

Accordingly, both claims against Digital Legend and HGSA—turnover and violation of the automatic stay—fail due to the lack of any well-pled allegations connecting them to the assets in question.

### B.    Plaintiff's Automatic Stay Violation Claim Fails Because Alleged Retention of Debtors' Assets is Not an Affirmative Act, As Required

The automatic stay claim fails for an additional reason: the provisions under Bankruptcy Code § 362(a)(3) prohibit only affirmative acts, not passive conduct such as the alleged retention of estate property—as this Court has already acknowledged.  (*See* Hr'g Tr. at 53:4-9 (dismissing the stay violation claim in the original Complaint, concluding that "mere retention of estate property following the petition date" is not actionable)).

As this Court is aware, Section 362(a) provides that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . (3) any act to obtain

---

[8] *See also In re Champion Enterprises*, 2010 WL 3522132, at *10 (Bankr. D. Del. Sept. 1, 2010) (veil piercing not pled where "[t]he Complaint is conspicuously devoid of facts showing domination and control of [the company] by [defendant]," and where "[t]he only factual allegation [] tying together the two [] entities' actions is that the same employees managed" relevant affairs on behalf of each entity); *Cleveland-Cliffs Burns Harbor LLC* v. *Boomerang Tube, LLC*, 2023 WL 5688392, at *6 (Del. Ch. Sept. 5, 2023) (denying veil piercing while noting "well established principle of corporate law that directors and officers holding positions with a parent and its subsidiary can and do change hats to represent the two corporations separately, despite their common ownership").

possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]"  11 U.S.C. § 362(a); *see also City of Chicago* v. *Fulton*, 592 U.S. 154, 158 (2021) (holding that "§ 362(a)(3) prohibits affirmative acts that would disturb the status quo of estate property as of the time when the bankruptcy petition was filed" but that "merely retaining possession of estate property does not violate the automatic stay").  In an effort to plead around the Court's previous ruling, the AC now alleges, in conclusory fashion, that Defendants affirmatively altered the status quo by restricting Plaintiff's access to assets in the Alameda accounts.  (AC ¶¶ 57-58).  Plaintiff advances two potentially relevant theories,[9] neither of which state a viable stay violation claim against Digital Legend or HGSA.

*First*, the AC asserts that "Huobi" collectively "affirmatively disabled access to the Alameda Huobi Account."  (AC ¶ 57).  Even setting aside the impermissible group pleading, and assuming that Digital Legend or HGSA controlled the Alameda Huobi account (which is not, and could not be, alleged), the mere retention of estate property falls squarely within the Supreme Court's proscription in *Fulton*.  The assets in the Alameda account are alleged to have been held prior to filing the bankruptcy petition, and "merely retaining" those assets in the status quo does not constitute an affirmative act violating the automatic stay provisions.  *See In re CII Parent, Inc.*, 2023 WL 2926571, at *5, *14 (Bankr. D. Del. Apr. 12, 2023) (defendant's retention of voting rights separated from underlying stock prior to filing of bankruptcy petition did not constitute an affirmative act in violation of 362(a)(3)).  The AC itself negates any attempt to frame the freezing

---

[9] As noted (*see supra* n.2), allegations that Poloniex disabled access to the Alameda Poloniex Account (AC ¶ 58) are irrelevant to Digital Legend and HGSA, as the AC draws no connection between Digital Legend or HGSA and Poloniex, and Plaintiff's own definition excludes Poloniex from the "Huobi" grouping that purportedly encompasses Digital Legend and Huobi Global S.A. (AC ¶ 26) (defining "Huobi" as "Huobi Global [Ltd.], [HGSA], About Capital, and Digital Legend").

of account funds as an affirmative act, alleging instead that the Huobi Defendants are "refusing to return [Debtors'] assets." (AC ¶ 72). This is precisely the sort of passive conduct—*i.e.*, failing to return assets—that *Fulton* describes and forecloses.[10]

*Second*, the AC contends that "Huobi" carried out a platform-wide "conversion scheme" affecting certain Huobi Tokens purportedly held in the Alameda account. (AC ¶ 73). But a platform-wide token migration program is not an act directed at estate property specifically. Put differently, the AC does not allege that the alleged conversion was performed in order "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3); *see also In re Residential Capital, LLC*, 556 B.R. 555, 561 (Bankr. S.D.N.Y. 2016) (rejecting argument "that the protections of the automatic stay extend to protect the *value* of the property of a debtor's estate") (emphasis in original). In any event, Plaintiff does not (and cannot) allege that Digital Legend or HGSA had any involvement in the supposed conversion.

Because the AC fails to plead a willful violation of the automatic stay attributable to Digital Legend or HGSA, Count IV fails to state a claim.

### CONCLUSION

For the foregoing reasons, the Court should dismiss all claims against Digital Legend and HGSA with prejudice.

---

[10] Plaintiff fails to plead when account access was allegedly disabled but does not explain how HGSA—formed nearly seven months *after* Debtors filed for bankruptcy—could have played any role.

Date:  May 15, 2026                                 Respectfully submitted,

                                                    */s/ Gregory Strong*
                                                    Gregory Strong (No. 4664)
                                                    CAHILL GORDON & REINDEL LLP
                                                    221 W. 10th Street, 3rd Floor
                                                    Wilmington, DE 19801
                                                    (302) 884-0001
                                                    GStrong@cahill.com

                                                    Samson A. Enzer (admitted *pro hac vice*)
                                                    Tammy L. Roy (admitted *pro hac vice*)
                                                    Joel H. Levitin (admitted *pro hac vice*)
                                                    Gregory Mortenson (admitted *pro hac vice*)
                                                    32 Old Slip
                                                    New York, NY 10005
                                                    (212) 701-3000
                                                    SEnzer@cahill.com
                                                    TRoy@cahill.com
                                                    JLevitin@cahill.com
                                                    GMortenson@cahill.com

                                                    *Attorneys for Digital Legend Hodlings Ltd.*
                                                    *and Huobi Global S.A.*

-25-